**The STATE of Ohio, Appellant,**

v.

**BURROUGHS, Appellee.**

[Cite as *State v. Burroughs,* 165 Ohio App.3d 172, 2005-Ohio-6411.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–05–08.

Decided Dec. 5, 2005.

</div>

Gerald L. Heaton, Logan County Prosecuting Attorney, for appellant.

Marc S. Triplett, for appellee.

BRYANT, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a decision of the Logan County Common Pleas Court allowing defendant-appellee, William C. Burroughs, to use grand jury testimony for purposes of cross-examination during trial.

{¶ 2} On December 14, 2004, the Logan County Grand Jury indicted Burroughs on one count of felonious assault, a violation of R.C. 2903.11(A)(2), a felony of the second degree. The indictment was the result of the following events. On September 22, 2004, Burroughs and Larry Myers both attended a party at a mutual friend's home. Eventually, Burroughs and his wife left the party at Myers's request. However, Burroughs came back to the party, struck Myers with a hammer, and stabbed him with a knife several times.

{¶ 3} On April 19, 2005, Burroughs filed a motion "for an order that the grand jury testimony of State's witnesses Larry Myers, Vincent D. Elliott, Patsy Grider, Billy Grider, Dixie Flowers, Effie Niemoyer, and Kendra Paige be transcribed for review by the Court at trial pursuant to Criminal Rule 16(b)(1)(g)." In the attached memorandum, Burroughs argued that a defendant is entitled to an in camera review of a witness's prior statements to determine if there are any inconsistencies between the prior statements and the witness's testimony at trial. Burroughs stated he "had reason to believe" that the above-mentioned witnesses had testified to the grand jury, and he requested that "their grand jury testimony be transcribed and held by the Court pending the making of a motion pursuant to Rule 16(B)(1)(g) * * * at the close of their testimony upon direct examination."

{¶ 4} Burroughs's trial was held on April 21 to 22, 2005. At the beginning of trial, the court addressed the issue of grand jury testimony. The court told the parties that it had requested Myers's grand jury testimony to be transcribed, as he was the only witness to testify before the grand jury. The state objected, arguing that the defendant must show a "substantial need" in order to review the transcript. The defense responded that "the need is established in [Criminal] Rule 16, which specifically provides for in camera inspection of prior witness statements without limitation." The trial court stated:

Because I think—you know, the plain meaning of the rules, you read the rules, they're entitled to it. Now, if there's some judicial interpretation of some other section of the—of the rules or the Constitution or whatever that overrides the plain meaning of the rules, I think it's—unless I'm provided with some specific authority that says the plain language of the rules isn't to be followed, I'm going to follow the rules.

{¶ 5} After Myers testified on direct examination, defense counsel moved the court "for in camera inspection of the witness's prior statement from grand jury testimony." The trial court allowed Burroughs to review the transcript for any inconsistencies, and after review, Burroughs indicated that he had found two inconsistencies:

First, Myers testified to the grand jury as to specifically seeing himself being stabbed simultaneously with—I think roughly simultaneously with being hit by

the hammer by. Mr. Burroughs * * * that is in conflict with his current testimony in that he did not perceive or report seeing being stabbed, only recalled being or feeling something going into his side and then later described from his treatment what the various wounds were * * * [Second,] Mr. Myers said that he was not acquainted with Patsy and Billy Grider, the witnesses for the State. In the grand jury testimony, he was asked if he knew them and he said that he knew them, that they were friends, and that they had partied and that sort of thing.

{¶ 6} The trial court then stated:

I have the one-page statement,[1] and that struck me—given the time, and it struck me about that, too. I understand his testimony to say he didn't know exactly when he got stabbed, which kind of strikes me as unusual if you get stabbed, but both of these statements have him saying that, you know, he remembers getting stabbed. So that's the material inconsistency, and I'm going to allow the defense to have both statements for purposes of cross-examination.

{¶ 7} The jury found Burroughs not guilty of felonious assault as charged, but guilty of assault, a misdemeanor and lesser included offense. The state filed its notice of appeal on May 6, 2005, and the trial court held a sentencing hearing on June 8, 2005 and filed its sentencing judgment entry on June 16, 2005.

{¶ 8} On appeal, the state asserts the following assignment of error:

The trial court erred in reviewing the grand jury testimony of State's witness Larry Myers for inconsistencies and disclosing the testimony to the defendant without a showing by the defense of a "particularized need" for the disclosure of the witness's testimony, and without a finding by the trial court for such a "particularized need."

 {¶ 9} Initially, we note that we have jurisdiction to decide this matter under R.C. 2945.67(A). See, also, *State v. Edmondson* (2001), 92 Ohio St.3d 393, 395–396, 750 N.E.2d 587. In *Edmondson*, the defendant was indicted on two counts of grand theft, fourth-degree felonies, for collecting government benefits without reporting her employment. A bench trial was held to determine the total amount of benefits Edmondson had wrongfully received. The trial court determined that Edmondson would have received benefits despite her employment and, therefore, " 'only received the benefit of' the overpayment amount." Therefore, Edmondson was found guilty of the lesser included offenses of theft by deception, fifth-degree felonies.

---

1. Apparently, the "one-page statement" was a written statement made by Myers to the sheriff's deputies.

{¶ 10} The state of Ohio appealed the trial court's decision as to the amount of benefits, without appealing the conviction itself. Initially, the Second District Court of Appeals found that the trial court's legal analysis concerning the amount of the theft was incorrect and remanded the matter to the trial court. However, it later amended its entry and affirmed the trial court's decision because "double jeopardy principles barred the state from pursuing the grand theft charges because the trial court's finding· of guilt on the lesser-included offenses operated as an acquittal of the greater offenses." On appeal, the Ohio Supreme Court stated:

> Although the state's appeal had no effect on Edmondson's case, the court of appeals had the statutory authority to exercise jurisdiction over it. R.C. 2945.67(A) grants discretion to the courts of appeals to allow appeals by the state of a trial court's "substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed."

Id. at 396, 750 N.E.2d 587 (quoting *State v. Bistricky* (1990), 51 Ohio St.3d 157, 555 N.E.2d 644, syllabus).

{¶ 11} This case is similar to *Edmondson* in that Burroughs was convicted of assault, a lesser included offense of felonious assault, and the state is challenging a substantive law ruling made during trial rather than the conviction itself. Therefore, although we may not issue advisory opinions, we have jurisdiction in this matter pursuant to R.C. 2945.67(A), and because Burroughs's conviction is not at issue, there is no danger of putting Burroughs in double jeopardy.

{¶ 12} The Ohio Supreme Court has long held that "[d]isclosure of grand jury testimony, other than that of the defendant and co-defendant, is *controlled by Crim.R. 6(E), not by Crim.R. 16(B)(1)(g)*." (Emphasis added.) *State. v. Greer* (1981), 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, paragraph one of the syllabus. In this case, both Burroughs and the trial court incorrectly used Crim.R. 16(B)(1)(g) as the vehicle through which to receive grand jury testimony. Crim.R. 6(E) states:

> [A] grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant *upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.*

(Emphasis added.)

{¶ 13} Therefore, "an accused is *not* entitled to inspect grand jury transcripts *either before or during trial* unless the ends of justice require it *and*

there is a showing by the defense that a *particularized need for disclosure exists* which outweighs the need for secrecy." (Emphasis added.) *Greer*, supra, at paragraph two of the syllabus. "A particularized need will be found when, 'it is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony.'" *State v. Coleman*, 3rd Dist. No. 9–03–23, 2003-Ohio-6440, 2003 WL 22846053, at ¶ 38 (quoting *Greer*, supra, at paragraph three of the syllabus). Additionally, we have previously held that "[a] particularized need is one in which the grand jury transcript is necessary to impeach a witness, refresh his recollection, or to test his credibility and these purposes outweigh the continued need for secrecy." *State v. Spears*, 3rd Dist. No. 1–01–93, 2002-Ohio-6621, 2002 WL 31719357, at ¶ 22.

{¶ 14} In this case, Burroughs's motion for transcription was merely a fishing expedition into the secret grand jury proceedings. Burroughs requested grand jury testimony from every person listed as a potential witness for the state, and his request was made with the anticipation that there would be some minute discrepancy in their testimony. At best, Burroughs's motion was made on mere speculation, and we have previously held that without more, a trial court does not abuse its discretion in overruling the motion. See *State v. Anderson*, 3rd Dist. No. 2–98–09, 1998 WL 378413, at * 1 (citing *State v. Mack* (1995), 73 Ohio St.3d 502, 508, 653 N.E.2d 329). Furthermore, even after the in camera inspection, the "inconsistencies," as mentioned above, were tenuous at best. Therefore, Burroughs failed to establish a particularized need to support his motion for transcription of grand jury testimony. We note that had Burroughs established a particularized need, the trial court properly held an in camera review, and the trial court properly limited the use of the grand jury testimony to those "inconsistencies" found during the in camera review. The sole assignment of error is sustained.

{¶ 15} The judgment of the Logan County Common Pleas Court as to the transcription of grand jury testimony is reversed. However, the judgment is otherwise affirmed insofar as this defendant cannot twice be put in jeopardy.

Judgment reversed in part
and affirmed in part.

CUPP, P.J., and ROGERS, J., concur.