OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Plaintiff-Appellant, State of Ohio, appeals from the judgment of the Union County Court of Common Pleas, Juvenile Division, dismissing the case with prejudice against Defendant-Appellee, Jeffrey Frye. On appeal, the State asserts that the trial court abused its discretion by dismissing the complaint with prejudice. Finding that the State could not appeal the final verdict of acquittal, we dismiss this appeal for lack of subject-matter jurisdiction.
 {¶ 3} In January 2007, the State filed a complaint against Frye alleging that he violated R.C. 3321.38, the compulsory school attendance laws, by failing to cause his teenage daughter to attend school, which is an unclassified misdemeanor. Subsequently, the trial court held an arraignment hearing.[1]
 {¶ 4} At the hearing, Kim Allen, the Dean of Students at the Marysville High School, provided unsworn testimony about Frye's daughter's pattern of skipping classes, the school's attempted interventions to keep her in class, and Frye's visit to the school to develop a plan to keep his daughter in class.
 {¶ 5} Thereafter, the following exchange occurred: *Page 3 
 The Court: At this point in time I need to know whether your plea is guilty, not guilty, or no contest, sir.
 Frye: It will be no contest.
 The Court: Okay. At this point in time, would you raise your right hand, sir? Do you swear that the testimony you're about to give will be the truth, the whole truth, and nothing but the truth so help you God?
 Frye: I do.
 The Court: All right. Now you understand that by pleading no contest today, the Court is most likely going to adjudicate — determine that you are guilty. Do you understand that?
 Frye: Yes.
 * * *
 The Court: You are now under oath. Can you tell me about these dates that your daughter missed school?
(Hearing Tr., pp. 39-40). Frye then testified regarding his efforts to get his daughter to attend school and his cooperation with the school in its efforts to get her to attend. Subsequently, Allen also informed the trial court that Frye had been very cooperative with the school in its attempts to get his daughter to attend classes.
 {¶ 6} The trial court proceeded to find Frye not guilty, providing:
 Well, despite what I just said that generally on a no contest plea I would adjudicate — I would determine that you were guilty, I'm not going to today because you're indicating to me, and the evidence that's come before me today indicates that you have not done anything to prevent [your daughter] from going to school. You've been supportive of her going to school and working to try to get her to school. So I'm going to find you not guilty based on the evidence that's come before me today.
(Hearing Tr., pp. 42-43). *Page 4 
 {¶ 7} On February 2, 2007, the trial court issued its journal entry, in which it provided:
 [Frye] then entered a plea of admission/guilty[2] to the Complaint, and the Court after placing [Frye] under oath, took the sworn statement of [Frye]. [Frye] testified that he works third shift; that he does not get home until after 7:00 a.m.; that his daughter * * * must get on the school bus at 6:30 a.m.; that he calls her several times each morning from work to make sure that she is up and getting ready for school; that when he arrives home on most mornings, that his daughter is gone and has gone to school; that he has had contact on many occasions with the school because his daughter is absent or has skipped classes and that he has continuously tried to work with the school to make sure that his daughter is at school each school day, on time, and that she does not skip classes. [Frye] testified that he knows [his daughter] was absent each day listed in the Complaint filed herein.
 The Court asked Kim Allen, Dean of Students for Marysville High School if [Frye] has always cooperated with the school in attempting to get [his daughter] to attend school on time and not miss classes as required by law. Ms. Allen told the Court that [Frye] always responds to the school's contacts and concerns; that he has always been very cooperative and has demonstrated that he is doing all that he can to get his daughter to school, on time, and to attend classes.
 Based on the evidence that came before the Court, the Court finds that [Frye] * * * did not violate the Compulsory School Attendance law as alleged in the Complaint, and find [Frye] NOT GUILTY.
 IT IS HEREBY ORDERED that this case is DISMISSED with prejudice.
(Journal Entry, pp. 1-2). *Page 5 
 {¶ 8} On February 12, 2007, the State filed its notice of appeal of the trial court's decision.
 {¶ 9} On March 23, 2007, the State filed its appellate brief, wherein it presented the following assignment of error for our review.
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED THE COMPLAINT AGAINST THE DEFENDANT-APPELLEE WITH PREJUDICE AFTER HE HAD ENTERED A PLEA OF "NO CONTEST" TO THE CHARGE OF VIOLATION OF THE COMPULSORY SCHOOL ATTENDANCE LAW.
 {¶ 10} In its sole assignment of error, the State contends that the trial court abused its discretion in dismissing the complaint against Frye with prejudice because he pled no contest to the charge in the complaint. Specifically, the State contends that the trial court could only consider Frye's testimony for the purposes of mitigation, not for determining his guilt or innocence, and requests that we remand the matter to the trial court.[3]
 {¶ 11} Before we can consider the merits of the State's argument, we must first determine whether we have subject-matter jurisdiction over this appeal. Subject-matter jurisdiction cannot be waived, and an appellate court may raise it sua sponte. State v. Lomax,96 Ohio St.3d 318, 2002-Ohio-4453, at ¶ 17, citing State ex. rel. Bond v. VelottaCo., 91 Ohio St.3d 418, 419, 2001-Ohio-91. *Page 6 
 {¶ 12} R.C. 2945.67(A) governs when the State may appeal a decision and provides that the State "may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except thefinal verdict, of the trial court in a criminal case." (Emphasis added). Thus, while the State has an absolute right to appeal decisions regarding the four motions specified in R.C. 2945.67(A), an appellate court has discretion whether to accept the State's appeal of any other decision, except for a trial court's final verdict in a criminal case.Lomax, 96 Ohio St.3d at ¶¶ 21-22; State v. Fisher (1988),35 Ohio St.3d 22, 24-25.
 {¶ 13} A judgment of acquittal by the trial judge, including a bench trial acquittal, constitutes a final verdict within the meaning of R.C.2945.67(A) and is not appealable by the State. State v. Bistricky
(1990), 51 Ohio St.3d 157, 159; State, ex rel. Yates v. Court of Appealsfor Montgomery Cty. (1987), 32 Ohio St.3d 30, syllabus. To allow otherwise would violate the double-jeopardy protections under the United States and Ohio Constitutions, which bar the retrial of criminal defendants. State v. Keeton (1985), 18 Ohio St.3d 379, 380-81. *Page 7 
 {¶ 14} However, an appellate court has discretionary authority to review evidentiary rulings and substantive law rulings in cases resulting in a judgment of acquittal so long as the verdict itself is not challenged. State v. Edmondson, 92 Ohio St.3d 393, 396,2001-Ohio-210; Bistricky, 51 Ohio St.3d at 159; State v. Burroughs, 165 Ohio App.3d 172, 2005-Ohio-6411, at ¶ 10. In seeking such discretionary review, the State must comply with the procedural requirements set forth in State v. Wallace (1975), 43 Ohio St.2d 1, Bistricky,51 Ohio St.3d at 159, and App.R. 5(C). Wallace held that the requirements of App.R. 5(A), which governs motions for delayed appeals sought by criminal defendants, also applied to motions for leave to appeal brought by the State.43 Ohio St.2d at 3. Wallace provided that the State must file a motion for leave to appeal, which has to satisfy the following requirements now mandated under App.R. 5(C): (1) be filed within thirty days from the entry of judgment and order sought to be appealed; (2) set forth the alleged errors committed by the trial court; (3) be accompanied by affidavits or the parts of the record which show the probability that the alleged errors did in fact occur; (4) be supported by a brief or memorandum of law; (5) file a notice of appeal in the form prescribed by App.R. 3 with the clerk of the trial court and the court of appeals; (6) file the motion for leave to appeal concurrently with the notice of appeal; and, (7) furnish an additional copy of the notice of appeal and motion for leave to appeal to be served to the defendant. App.R. 5(C). *Page 8 
 {¶ 15} Here, none of the four situations by which the State could appeal as of right apply.[4] Consequently, the State could only appeal by leave of this Court and only if it did not challenge the trial court's final verdict of acquittal. The State argues that the trial court erroneously considered Frye's testimony in deciding to acquit him because his testimony could only be considered for mitigation. The State explicitly urges us to reverse the judgment of acquittal and remand to the trial court so that Frye's testimony cannot be used for purposes of determining his guilt or innocence. Such a reversal and instruction would almost certainly result in the State's desired outcome — a guilty verdict. Thus, although the State's argument does involve a substantive legal issue as to what purposes the testimony of a defendant who pled no contest may be used, it is clear that the State's appeal is really a collateral attack on the final verdict of acquittal and is barred under R.C. 2945.67(A) and double-jeopardy principles.
 {¶ 16} Even if we were to find that the State's appeal did not challenge the trial court's verdict of acquittal and solely involved a substantive legal issue, we *Page 9 
would not exercise our discretion to review the State's appeal because it failed to comply with the requirements in Wallace and App.R. 5(C). While the State filed its notice of appeal on February 12, 2007, within thirty days of the February 2 judgment, a review of the record indicates that it failed to file a motion for leave to appeal concurrently with the notice of appeal. In fact, the State failed to even file a motion for leave to appeal and, instead, only filed an appellate brief on March 23, 2007.
 {¶ 17} Accordingly, we dismiss this appeal for lack of subject-matter jurisdiction.
Appeal dismissed.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] The trial court also held an initial hearing regarding a companion juvenile case, in which Frye's daughter was alleged to be an unruly child.
[2] Although the trial court stated in its journal entry that Frye entered a "plea of admission/guilty," a review of the transcript indicates that Frye clearly entered a plea of no contest to the complaint.
[3] But see R.C. 2937.07, paragraph two.
[4] We note that, while the State asserts that the trial court dismissed the complaint against Frye, the trial court actually dismissed the entire case — not the complaint — upon its judgment of acquittal, which does not implicate an appeal as of right by the State. *Page 1