The STATE of Ohio, Appellee,

v.

JACKSON, Appellant.

[Cite as *State v. Jackson*, 192 Ohio App.3d 617, 2011-Ohio-986.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 09CA009618.

Decided March 7, 2011.

618

Timothy Young, Ohio Public Defender, Pamela Prude–Smithers, Chief Counsel, Public Defenders Office, and Kimberly S. Rigby, Assistant Public Defender, for appellee.

Dennis Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellant.

DICKINSON, Presiding Judge.

## INTRODUCTION

{¶ 1} The grand jury has indicted Vincent Jackson for aggravated murder with death-penalty specifications, murder, aggravated robbery, felonious assault, tampering with evidence, and having weapons while under disability. During discovery, Jackson moved the trial court for an order requiring the prosecutor to disclose the names of the witnesses who testified before the grand jury. The court granted his motion in part and denied it in part. While the court refused to release the names of the grand jury witnesses to Jackson, it ordered the state to give it the names "for an in camera inspection." The state moved the trial court to reconsider its decision, but the court denied its motion. We granted the state leave to appeal the order denying its motion to reconsider. The state has assigned one error, arguing that the trial court incorrectly ordered it to disclose the grand jury witness list. We dismiss the appeal because we improvidently granted the state leave to appeal.

## LEAVE TO APPEAL

 {¶ 2} Initially, we will address Jackson's argument that we do not have jurisdiction to consider this appeal because the trial court's order denying the state's motion to reconsider is not a final, appealable order under R.C. 2505.02. Under the Ohio Constitution, Ohio's courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or

final orders of the courts of record inferior to the court of appeals within the district." Section 3(B)(2), Article IV, Ohio Constitution. This provision "empower[s] the General Assembly to alter the appellate jurisdiction of the Court of Appeals." *State v. Collins* (1970), 24 Ohio St.2d 107, 108, 53 O.O.2d 302, 265 N.E.2d 261.

{¶ 3} The Ohio General Assembly, in R.C. 2505.03(A), has provided that "[e]very final order, judgment, or decree of a [lower] court * * * may be reviewed on appeal * * *." R.C. 2505.02(B) defines "final order." Under that section, "[a]n order is a final order * * * when it is one of the following: (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; (3) An order that vacates or sets aside a judgment or grants a new trial; (4) An order that grants or denies a provisional remedy and to which both of the following apply: (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy * * * (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action * * * (5) An order that determines that an action may or may not be maintained as a class action; (6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly * * * or any changes made by Sub. S.B. 80 of the 125th general assembly * * * [or] (7) An order in an appropriation proceeding that may be appealed pursuant to [Section 163.09(B)(3) of the Ohio Revised Code]."

■ {¶ 4} "While R.C. 2505.03 generally provides that every final order or judgment may be reviewed on appeal, R.C. 2945.67(A) specifically governs appeals by the state in criminal and juvenile delinquency proceedings. It provides that the state may appeal as of right an order that (1) grants a motion to dismiss all or any part of an indictment, complaint, or information, (2) grants a motion to suppress evidence, (3) grants a motion for the return of seized property, and (4) grants postconviction relief. It further provides that with the exception of final verdicts, the state may appeal any other decision in a criminal or juvenile delinquency proceeding by leave of the appellate court." (Emphasis omitted.) *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, at ¶ 30.

{¶ 5} This court has issued conflicting opinions regarding whether an order from which the state has sought leave to appeal under R.C. 2945.67(A) must also be a final order under R.C. 2505.02 for this court to be able to grant leave. In *State v. Ford*, 9th Dist. No. 23269, 2006-Ohio-6961, 2006 WL 3825194, Sammy

Ford pleaded guilty to felonious assault, domestic violence, and violating a protective order. The trial court sentenced him on the domestic-violence and violating-a-protective-order offenses, but refused to sentence him for felonious assault. The state moved the trial court to reconsider its decision to hold Ford's sentence for felonious assault in abeyance, but the trial court denied its motion. The state timely moved for leave to appeal the denial of its motion for reconsideration, and this court granted the motion. This court wrote that "pursuant to R.C. 2945.67(A) this Court granted the State's motion for leave to appeal. As such, we are not confronted with the analysis of a final, appealable order under R.C. 2505.02. Rather, we are governed by R.C. 2945.67 which gives this Court the discretion to grant the State leave to appeal any judgment which is not a final verdict." Id. at ¶ 5; see also *State v. Burroughs*, 165 Ohio App.3d 172, 2005-Ohio-6411, 845 N.E.2d 540, at ¶ 11 (court had jurisdiction under R.C. 2945.67(A) to review trial court decision allowing disclosure of grand jury testimony).

{¶ 6} On the other hand, in *State v. Rivera*, 9th Dist. Nos. 08CA009426 and 08CA009427, 2009-Ohio-1428, 2009 WL 806819, the state moved for leave to appeal after the trial court held unconstitutional its method of execution by lethal injection. We noted that Section 2945.67(A) "identifies four trial court orders the State may appeal as a matter of right[.]" Id. at ¶ 11. We then wrote, without acknowledgement of *Ford* or citation of any other authority, that "[a] trial court order other than one of those four may be appealed only if the order is final under Section 2505.02 and the appellate court grants leave." Id.

{¶ 7} Ohio Supreme Court precedent appears to support this court's conclusion in *Ford* over what we wrote in *Rivera*. In *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 421, 639 N.E.2d 83, the Supreme Court considered three cases in which the defendants had attempted to use public-records laws "as a vehicle to obtain records from law enforcement officials and the contents of the files of prosecutors in pending criminal cases." In one of the cases, the state had appealed after the trial court granted the defendant's pretrial motion for the release of any public records relating to the charges against him. The Supreme Court noted that discovery orders had long been considered "interlocutory and, as such, are neither final nor appealable." Id. at 438. It recognized, however, that "[a]n exception to this rule is the state's right to appeal 'by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *.'" (Emphasis omitted.) Id. at 438–439, quoting R.C. 2945.67(A). It therefore held that the state's appeal had been properly before the court of appeals. Id. at 439. Like the Supreme Court, we note that R.C. 2945.67(A) specifically provides that, by leave of this court, the state may appeal "any other decision" of the trial court in a criminal case, except the final verdict. See *State v. Ross*, 128 Ohio St.3d 283, 2010-Ohio-6282, 943

N.E.2d 992, at ¶ 15 ("In addition to the orders that the statute specifies are appealable as of right, R.C. 2945.67(A) allows the state, by leave of court, to appeal 'any other decision' in a criminal case 'except the final verdict,'" quoting R.C. 2945.67(A)). If the General Assembly had intended to limit this court's discretion under R.C. 2945.67(A) to final orders, it could have said so.

{¶ 8} Ultimately, it is not necessary to resolve the conflict between *Ford* and *Rivera* in this case, because for a different reason, we should not have granted the state leave to appeal. Jackson filed his motion to disclose the names of grand jury witnesses in October 2008. In February 2009, the trial court denied his motion in part and granted it in part. It wrote that "because there may be * * * policy considerations as to why the identity of a grand jury witness needs to be kept confidential, this court is not willing at this time to give the name of any grand jury witness directly to [Jackson]. Instead, the court finds that a better balance of the competing interests requires that the name of each witness * * * be given to the court for an in camera inspection. * * * [A]long with the name, the state may include any rationale for which the state has a good faith belief or argument that should apply to keep the identity of any particular grand jury witness * * * from being disclosed to defense counsel. The court may then hold an additional hearing on this matter before deciding if and when to disclose the name of any particular grand jury witness to defense counsel."

{¶ 9} The state did not appeal the trial court's order. Instead, it moved the court to reconsider its decision because Jackson had not advanced a particularized need for the witnesses' names. In June 2009, the trial court denied the motion to reconsider and ordered the state "to provide a list of witnesses who testified at the grand jury. The list will be sealed and kept by the court and made part of the record in this case."

{¶ 10} In its motion for leave to appeal, the state represented to this court that the trial court had "granted" Jackson's motion to disclose the name of the grand jury witnesses. It argued that the trial court's decision was incorrect because Jackson had not demonstrated a particularized need for the names. It also argued that the effect of the court's ruling is "so serious that [it] require[s] immediate correction * * * so as to avoid replication of such errors in [other] capital criminal cases" pending before the trial judge. The state did not attach a copy of the trial court's original ruling on Jackson's motion to its motion for leave to appeal.

{¶ 11} From what the state wrote in its motion for leave to appeal and from the documents it attached to that motion, it appeared that the trial court had directed the state to disclose the grand jury witness names to Jackson. Upon review of the entire record, however, it is clear that that is not what the trial court ordered.

It specifically denied Jackson's request to see the list of names. The only thing it ordered the state to do was to submit a list of the names to the court for an in camera inspection, indicating that the list would otherwise be kept under seal.

{¶ 12} The state has argued that the trial court's order was incorrect because grand jury proceedings are secret, because any documents connected with the grand jury are not discoverable, and because if it complied with the trial court's order, it would destroy the secrecy of the documents. It has also argued that compliance with the order prevents a judgment in its favor and would prevent it from having a meaningful remedy on appeal. It has further argued that Jackson has not demonstrated a particularized need for the witness list.

{¶ 13} The state has cited a number of cases concerning disclosure of grand jury materials to a defendant. The trial court, however, did not order the names released to Jackson. Accordingly, the question that this case presents is not whether Jackson showed a particularized need for the witness names, but whether the trial court incorrectly ordered the state to submit the names to the court to be made part of the record under seal. In addition, because the state did not appeal the trial court's initial order, the appeal is further limited to the review of the trial court's denial of the state's motion to reconsider that order.

{¶ 14} At a hearing on the state's motion to reconsider, the prosecutor told the trial court that he did not think it was a good idea for the court reporter to be the custodian of the sealed list of names because "it puts her at a risk if anything happens to one of my witnesses she's the first person I end up having to look to because the witness list gets out." The state, however, did not make this argument in its motion for leave to appeal. The only potential harm the state alleged in its motion for leave to appeal was that if this court does not address its argument immediately, the trial judge may issue a similar order in other death-penalty cases. It has not identified, however, any other specific cases that may be affected by the trial court's order.

{¶ 15} This court has discretion to determine which cases the state should be granted leave to appeal. *State v. Keeton* (1985), 18 Ohio St.3d 379, 381, 18 OBR 434, 481 N.E.2d 629. Having had the opportunity to review the entire trial court record, we conclude that we improvidently granted it leave to appeal. The trial court has not granted Jackson the right to view the list of grand jury witness names, as represented by the state in its motion. The state also has not articulated any significant harm that is reasonably likely to occur to its case or the public if this court does not immediately address the limited issue of whether the trial court exercised improper discretion when it denied the state's motion to reconsider. See *Melrose v. Fobes* (May 1, 1991), 9th Dist. No. 90CA004893, 1991 WL 70815, at *4 ("[a] trial court has considerable discretion in deciding whether

to reconsider its decision[s] prior to the judgment entry"). The state's appeal is dismissed.

## CONCLUSION

{¶ 16} After further consideration, we conclude that leave to appeal was improvidently granted. The state's appeal is dismissed.

Appeal dismissed.

MOORE and BELFANCE, JJ., concur.