[Cite as *State v. Hilton*, 2019-Ohio-3037.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                         :

    Plaintiff-Appellee,          :

                                     No. 107476

    v.                                      :

MICHAEL HILTON,                        :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 25, 2019

Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-480057-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Michael Hilton, *pro se.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Michael Hilton, appeals the trial court's decision denying his motion to vacate his sentence. For the reasons that follow, we affirm the trial court's decision.

{¶ 2} In 2006, Hilton was sentenced to life in prison on multiple counts of rape of a person under 13 years of age, gross sexual imposition, and kidnapping. In *State v. Hilton*, 8th Dist. Cuyahoga No. 89220, 2008-Ohio-3010, this court reversed Hilton's convictions on eight counts of rape, eight counts of gross sexual imposition, and three counts of kidnapping; this court affirmed his convictions on five counts of rape, five counts of gross sexual imposition, and ten counts of kidnapping; the case was remanded for resentencing. In August 2008, Hilton was resentenced to life in prison.

{¶ 3} Following resentencing, Hilton filed multiple appeals and postconviction motions seeking to challenge and set aside his convictions and sentence. Each appeal was dismissed and each motion challenging his convictions was denied. In January 2018, Hilton again challenged his sentence by seeking to vacate his sentence, arguing (1) the imposition of maximum sentences was not supported by the record; (2) the imposition of consecutive sentences was not supported by the record; and (3) the court did not make any statutory findings prior to imposing the maximum or consecutive sentences. The motion was denied and Hilton's appeal of that decision was dismissed. *See State v. Hilton*, 8th Dist. Cuyahoga No. 106815 (May 28, 2018).

{¶ 4} In June 2018, Hilton filed another motion to vacate his sentence, raising the same arguments that were raised in his January 2018 motion. Again, the motion was denied. Hilton now appeals that decision, raising the following assignment of error:

> The appellant's motion to vacate sentence should have been granted because his sentence is contrary to law and therefore void, in that the consecutive sentences were imposed in violation of [R.C.] 2929.14(E)(4) and the trial court's finding that each count merited the maximum sentence is not supported by the record and such sentence is void, and must be vacated as contrary to Ohio law.

{¶ 5} The crux of Hilton's appeal is that the trial court failed to make the requisite statutory findings prior to imposing consecutive sentences, and that the record does not support the imposition of maximum or consecutive sentences. And because no findings were made, following the passage of H.B. 86 in 2011 requiring judicial fact-finding, his sentence is contrary to law and void.

{¶ 6} At the outset, we find that Hilton's arguments are barred by res judicata because any argument challenging his sentence could have been raised on direct appeal. The doctrine of res judicata establishes that "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 7} Hilton raised ten assignments of error in his direct appeal and not one challenged his prison sentence, let alone the length of that sentence where both maximum and consecutive sentences were imposed. Moreover, after Hilton was resentenced following this court's remand order in *Hilton*, he did not timely appeal his new sentence. And when he finally attempted to appeal his sentence, the appeal

was ultimately dismissed for failing to file the record. *See State v. Hilton*, 8th Dist. Cuyahoga No. 92362 (Jan. 13, 2019). Accordingly, res judicata bars the arguments Hilton now raises in this appeal.

{¶ 8} Even considering his arguments, we would find that they lack merit. *See State v. Smith*, 8th Dist. Cuyahoga No. 101105, 2014-Ohio-5547 (rejecting the exact arguments raised herein). In 2008, at the time of Hilton's original sentencing and resentencing, the trial court was not required to engage in judicial fact-finding before imposing nonminimum, maximum, or consecutive sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Moreover, the General Assembly's enactment of H.B. 86 in 2011 reviving the judicial fact-finding requirement prior to imposing consecutive sentences was not retroactive. *See* Am.Sub.H.B. No. 86, Section 4, effective September 30, 2011 ("The amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58(B) of the Revised Code makes the amendments applicable.").

{¶ 9} Accordingly, Hilton's assignment of error is overruled.

{¶ 10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR