[Cite as *State v. Hilton*, 2023-Ohio-3876.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 112282 |
| MICHAEL HILTON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 26, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-480057-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Michael Hilton, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Michael Hilton ("Hilton"), pro se, appeals the trial court's decision denying his motion for resentencing. Because we find that

Hilton's arguments are barred by the doctrine of res judicata, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} Following a jury trial in 2006, Hilton was found guilty of 13 counts of the rape of a person under 13 years of age; 13 counts of gross sexual imposition; and 13 counts of kidnapping with a sexual motivation specification. Hilton was sentenced to

> a term of life on each of Counts 1 through 13, 5 years on each of Counts 14 through 26[,] and 10 years on each of Counts 27 through 39. Counts 1 and 2 to run consecutive to each other; Counts 3 through 13 to run concurrent with each other and concurrent to Counts 1 and 2; Count 14 to run consecutive to each of Counts 1 and 2; Counts 15 through 26 to run concurrent with each other and concurrent with Counts 1 through 14; Count 27 to run consecutive to Counts 1, 2, and 14; Counts 28 through 39 to run concurrent with each other and concurrent to Counts 1 through 27.

(Journal Entry, Oct. 23, 2006.)

{¶ 3} Hilton challenged his convictions and sentence in a direct appeal to this court. *See State v. Hilton*, 8th Dist. Cuyahoga No. 89220, 2008-Ohio-3010 ("*Hilton I*"). In *Hilton I*, this court affirmed Hilton's "convictions and resultant sentences" for five counts of rape as charged in Counts 1 through 5, five counts of gross sexual imposition as charged in Counts 14 through 18, and ten counts of kidnapping as charged in Counts 27 through 36; reversed Hilton's convictions on the remaining counts; and remanded the matter to the trial court for further proceedings consistent with the opinion. *Id.* at ¶ 104.

{¶ 4} Following our remand, the trial court held a resentencing hearing in 2008. The trial court advised, "[T]he Court of Appeals has carefully examined the trial and everything that went on and reached the same conclusion as myself and I will follow their mandate with my sentence and my intention is to impose today the same sentence and basically adjust it to the number of counts as are appropriate." (Aug. 4, 2008, tr. 10.) Hilton was resentenced "per court of appeals" as follows:

> Counts 6 through 13; 19 through 26; and 32 through 39 are dismissed by the court.
>
> * * *
>
> [Hilton] sentenced to a term of life on each of Counts 1 through 5, 5 years on each of Counts 14 through 18[,] and 10 years on each of Counts 27 through 31. Counts 1 and 2 to run consecutive to each other; Counts 3 through 5 to run concurrent with each other and concurrent to Counts 1 and 2; Count 14 to run consecutive to each of Counts 1 and 2; Counts 15 through 18 to run concurrent with each other and concurrent with Counts 1 through 5 and 14; Count 27 to run consecutive to Counts 1, 2, and 14; Counts 28 through 31 to run concurrent with each other and concurrent to Counts 1 through 5, 14 through 18, and 27 through 31.

(Journal Entry, Aug. 15, 2008, and Nunc Pro Tunc Entry, Oct. 8, 2008.)

{¶ 5} Following his resentencing, Hilton filed multiple pro se postconviction motions and appeals seeking to challenge and set aside his convictions and sentence. Each motion challenging his conviction was denied and, with the exception of *State v. Hilton*, 8th Dist. Cuyahoga No. 107476, 2019-Ohio-3037 ("*Hilton II*"), all of Hilton's appeals were dismissed. In *Hilton II*, this court affirmed the trial court's denial of one of Hilton's motions to vacate his sentence, finding his arguments were barred by res judicata and lacked merit. *Id.* at ¶ 7-8.

**{¶ 6}** Following *Hilton II*, Hilton continued to file postconviction motions, this time raising issues with discovery. These motions were denied by the trial court, and Hilton's subsequent appeals were dismissed. In August 2021, Hilton filed a motion for resentencing claiming another resentencing hearing was necessary for clarification because no charges were given, his plea was not included, no findings of law were made, findings of guilt were not set forth, and the sentencing transcripts did not match the journal entry. The state filed a brief in opposition in November 2022, and the trial court denied Hilton's motion the following day.

**{¶ 7}** It is from this denial that Hilton now appeals, raising the following three assignments of error:

> **Assignment of Error I:** The trial court erred in the creation of a journal entry that did not represent what was said during the sentencing hearing.

> **Assignment of Error II:** The trial court erred when it did not adhere to the findings of the court of appeals when it carried out sentencing.

> **Assignment of Error III:** The trial court erred in failing to make sufficient findings for the imposition of other than the minimum sentence.

## II. Law and Analysis

**{¶ 8}** In the first assignment of error, Hilton asserts that "the journal entry did not mirror what was said in open court" but provides no further explanation. Instead, Hilton argues that his sentence is contrary to law and the trial court lacked power to impose it, because the victim was 13 years old at the time of the offense. Hilton claims this alleged oversight amounts to a plain error and implicates his

substantial rights because the victim's age "affects every count in this case due to its enhancements." In the second assignment of error, Hilton argues that the trial court "did not adhere to the appellate court's [finding of five] distinct and separate offenses" because it did not inquire as to whether the state met its burden of production at trial and proved the victim was under the age of 13 at the time of those offenses. In the third assignment of error, Hilton argues that the trial court did not make the required statutory findings for the imposition of a sentence beyond the minimum sentence available and did not make requisite findings in its resentencing journal entry.

{¶ 9} The state argues that res judicata bars Hilton from raising any arguments in this appeal that he could have raised on direct appeal. The state further argues that *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, precludes Hilton's attempts to obtain resentencing by arguing his sentence is void because the trial court did not lack jurisdiction over the case or personal jurisdiction over Hilton. We agree with the state, find Hilton's arguments are barred by the doctrine of res judicata, and overrule his three assignments of error.

{¶ 10} "Under the doctrine of res judicata, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject to the previous action.'" *State v. Martin*, 8th Dist. Cuyahoga No. 110576, 2021-Ohio-4213, ¶ 8, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). The doctrine

establishes that once a court of competent jurisdiction passes upon and determines a point or fact that was actually or directly in issue in a former action, that point or fact cannot be drawn into question in any future action between the same parties. *State v. Johnson*, 2019-Ohio-2332, 138 N.E.3d 560, ¶ 31 (8th Dist.), citing *State v. Ulery*, 2d Dist. Clark No. 2010 CA 89, 2011-Ohio-4549, ¶ 10. Moreover, when a court has jurisdiction to act, any errors in a court's judgment or sentence are voidable and subject to res judicata if they are not timely appealed. *Henderson* at ¶ 34.

{¶ 11} Based on the arguments raised, it appears that Hilton now attempts to use the trial court's November 2022 judgment entry denying his motion for resentencing to challenge the outcome of his 2006 jury trial, this court's findings in *Hilton I*, the trial court's 2008 resentencing judgment entry, and this court's findings in *Hilton II*. In 2006, Hilton was found guilty following a jury trial and sentenced to life in prison on multiple counts of rape of a person under 13 years of age, gross sexual imposition, and kidnapping. In *Hilton I*, 8th Dist. Cuyahoga No. 89220, 2008-Ohio-3010, Hilton raised ten assignments of error in a direct appeal. Hilton did not challenge the age of the victim or the sentence imposed. This court affirmed Hilton's "convictions and the resultant sentences" for five counts of rape, five counts of gross sexual imposition, and ten counts of kidnapping; reversed his convictions on the remaining counts; and remanded the matter for further proceedings consistent with the opinion. *Id.* at ¶ 104. Hilton was resentenced "per court of appeals" in 2008. Following Hilton's resentencing, he did not timely appeal

the new sentence. In *Hilton II*, 8th Dist. Cuyahoga No. 107476, 2019-Ohio-3037, this court affirmed the trial court's denial of one of Hilton's motions to vacate his sentence. Therein, we held that his arguments were barred by res judicata because "any argument challenging his sentence could have been raised on direct appeal." *Id.* at ¶ 6. Our position has not changed: Hilton did not raise these arguments on direct appeal following his 2006 conviction and 2008 resentencing and any issue that could have been raised then cannot be drawn into question now. Accordingly, we find that Hilton's arguments are barred by res judicata and overrule his three assignments of error.

{¶ 12} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

ANITA LASTER MAYS, A.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR