[Cite as *State v. Rackley*, 2023-Ohio-4656.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                     :

    Plaintiff-Appellee,        :

                         No. 112751

    v.                         :

STEVEN RACKLEY,                    :

    Defendant-Appellant.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 21, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-563955-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alan F. Dowling, Assistant Prosecuting Attorney, *for appellee.*

Steven Rackley, *pro se.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Pro se appellant Steven L. Rackley ("Rackley") challenges the judgment of the trial court denying his motion to withdraw his guilty plea, alternative motion for new trial, motion to dismiss the indictment, and motion for grand jury minutes.

After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} In a prior appeal, this court summarized the procedural history of this matter as follows:

> In July 2012, Rackley was indicted on six counts, including two counts of aggravated murder, two counts of aggravated robbery, one count of kidnapping, and one count of tampering with evidence. The date of the alleged offenses was November 8, 2006.
>
> In April 2013, Rackley pleaded guilty to an amended indictment of one count of involuntary manslaughter and one count of aggravated robbery. The remaining counts were nolled. The trial court sentenced him to 19 years in prison. Rackley did not directly appeal his convictions or sentence.
>
> In March 2014, Rackley moved to withdraw his plea, which the trial court denied. Rackley did not appeal this denial.
>
> In June 2014, Rackley moved for leave to file a delayed appeal. This court denied his motion, and the Ohio Supreme Court declined to accept jurisdiction.
>
> In July 2014, Rackley filed his first petition for postconviction relief (as a motion to vacate or set aside judgment of conviction or sentence). The trial court denied his motion. Rackley did not appeal this denial.
>
> In March 2015, Rackley filed his second petition for postconviction relief (as petition to vacate or set aside judgment of conviction or sentence). The trial court denied his motion. * * *

*State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-Ohio-4504, ¶ 3-8 ("*Rackley I*").

{¶ 3} In *Rackley I,* Rackley appealed the denial of his second petition for postconviction relief and assigned the following errors:

> 1. The [appellant] was deprived due process under the Fifth and Fourteenth Amendment to the United States Constitution and Article 1, Section 16 of the Ohio Constitution when he was not afforded adequate notice of the charges against him.
>
> 2. [Appellant's] Sixth Amendment right to counsel in violation of the United States Constitution and Article 1, Section 10 of the Ohio Constitution, under Criminal Rule 44, when Shaker Hts. Municipal Court did not afford defendant with adequate representation, the Municipal Court gave defendant two days served for the contempt, but never released him, and was not afforded counsel during his critical stages of his indictment.
>
> 3. Fourteenth Amendment procedural Due Process was violated when the Court of Common Pleas accepted a guilty plea without having sufficient evidence to support the plea.
>
> 4. The appellant was denied the effective assistance guaranteed by the Sixth and Fourteenth Amendment's to the United States Constitution and article 1, section 10 of the Ohio Constitution.
>
> 5. The appellant was denied the effective assistance of counsel guaranteed by the Fifth Amendment to the United States Constitution, for an improper amendment to the indictment.
>
> 6. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution, counsel was ineffective and showed prejudice for not dismissing for speedy trial violation and coerced waiver of constitutional right.
>
> 7. Counsel was ineffective for not motioning for an appeal on the [appellant's] behalf, which violated his Procedural Due Process Clause of the Fourteenth Amendment to the United States Constitution.

*Rackley I* at ¶ 1.

{¶ 4} We determined that the trial court did not have jurisdiction to hear Rackley's petition because it had not been timely filed and Rackley was unable to

demonstrate that he was unavoidably prevented from discovering the facts upon which he relied in his petition or that the United States Supreme Court had recognized a new federal or state right that applied retroactively to him. We therefore affirmed the trial court's denial of the petition. *Id.* at ¶ 15-16.

{¶ 5} Rackley has since filed a motion to withdraw his guilty plea, alternative motion for a new trial, motion to dismiss indictment, and a motion for grand jury minutes. The trial court denied all of the motions.

{¶ 6} Rackley filed the instant appeal, raising seven assignments of error for our review:

> 1. The trial court abused its discretion and committed plain error pursuant to Crim.R. 7(D), when it allowed the prosecution to amend Count One of the indictment to involuntary manslaughter by omitting an essential element of the criminal offense charged by the grand jury.
>
> 2. The trial court abused its discretion and committed plain error when it failed to properly charge recklessness in Count Five of the indictment in violation of appellant's rights under the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.
>
> 3. Appellant was denied the right to effective assistance of counsel and a fundamental fair trial when his trial counsel committed plain error by waiver of the defect in Count One of the indictment that rendered his guilty plea less than knowingly, intelligently, and voluntarily made, in violation of appellant's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.
>
> 4. The trial court abused its discretion and committed plain error when the court did not substantially comply with Crim.R. 11(C)(2) prior to accepting appellant's guilty plea.
>
> 5. Appellant was denied the right to effective assistance of counsel when counsel failed to file a motion to dismiss the indictment for

failure to commence the action in compliance with R.C. 2901.13 (A)(1)(a), constituting plain error.

6. The trial court erred and abused its discretion for not granting appellant's motion for grand jury minutes and permitting prosecutorial misconduct in violation of appellant's rights to due process and equal protection of law under the Fourteenth Amendment to the United States Constitution.

7. The trial court committed plain error and violated due process of law for not stating to appellant that she did not have to follow the recommended sentence, and for failing to provide appellant with a PSI when providing notice of community control sanctions.

## II. Law and Analysis

{¶ 7} Rackley did not file a direct appeal of his conviction and sentence. The state therefore argues that res judicata bars Rackley from raising arguments relating to his plea and the prior proceedings.

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised *or could have been raised* by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment * * *.

(Emphasis added.) *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 8} In *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, the Supreme Court of Ohio returned to its traditional understanding of void and voidable judgments. "The traditional view is that '[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter

jurisdiction over the case or personal jurisdiction over the defendant.'" *State v. Schilling*, Slip Opinion No. 2023-Ohio-3027, ¶ 22, citing *id.* at ¶ 43.

{¶ 9} The court further held that if jurisdiction exists over the case and the person, any error committed by a trial court in exercising its jurisdiction is voidable and not void. *Henderson* at ¶ 34. Rackley does not argue that the trial court lacked jurisdiction in this matter, and thus, the judgment against him could only be voidable.

{¶ 10} "The failure to timely — at the earliest available opportunity — assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Id.* at ¶ 17, citing *Tari v. State*, 117 Ohio St. 481, 495, 159 N.E. 594 (1927). Accordingly, when a court has jurisdiction over the case and the defendant, "any errors in the court's judgment or sentence are voidable and subject to res judicata if they are not timely appealed." *State v. Hilton*, 8th Dist. Cuyahoga No. 112282, 2023-Ohio-3876, ¶ 10, citing *id.* at ¶ 34.

{¶ 11} Rackley could have, but did not, file a direct appeal raising issues of the validity of his plea or the ineffective assistance of counsel. Further, we note that the arguments raised in appellant's assignments of error relating to his guilty plea and his claimed ineffective assistance of counsel were also asserted and overruled in *Rackley I,* where we affirmed the denial of his second petition for postconviction relief. Thus, these issues are barred by res judicata and we overrule assignments of error I-V and VII.

{¶ 12} Turning to the remaining assignment of error, Rackley argues that the trial court erred in denying his motion for grand jury minutes.

{¶ 13} The appeal of a trial court's decision regarding the disclosure of grand jury transcripts is reviewed for an abuse of discretion. *State v. Coley*, 93 Ohio St.3d 253, 261, 754 N.E.2d 1129 (2001), citing *State v. Brown*, 38 Ohio St.3d 305, 308, 528 N.E.2d 523 (1988).

{¶ 14} Grand jury proceedings are generally secretive in nature. "'[A]n accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy.'" *State v. Short*, 8th Dist. Cuyahoga No. 83492, 2004-Ohio-2695, ¶ 7, quoting *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), paragraph two of the syllabus. A particularized need exists when consideration of the surrounding circumstances shows "it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." *Greer* at paragraph three of the syllabus. The determination of whether a particularized need exists is a question of fact. *Id.*

{¶ 15} In his motion seeking grand jury minutes, Rackley articulated his "particularized need" as follows:

> (1) [T]he Shaker Hts. Police department did not have probable cause to arrest him for any criminal charges instead they arrested him for a two year old traffic citation; (2) defendant was detained for two days without any criminal charges, he was then question[ed] by the detectives without counsel, the officers did not mention to the

defendant that he would later be transported to the county jail without any means of a bind over to the grand jury; (3) the trial court obtain[ed] personal jurisdiction through illegal detention; (4) County Prosecutor William D. Mason sent a Synopsis direct to the grand jury; (5) the record is unclear of any summoning of the grand jury or [sic] nor is it clear that anyone was summon[ed] to testify before the grand jury; (6) defendant was charged by the grand jury of two counts of aggravated murder and two counts of aggravated robbery, one count of kidnapping and one count of tampering with evidence, defendant was not summon[ed] to give his testimony, the record is unclear of any eye witnesses testifying to the grand jury, no sheriff served defendant with an indictment, defendant received the indictment from the jail officer; (7) the indictment was signed by the foreman and Bill [M]ason is the name on the indictment a legal document that should bare [sic] the prosecutor[']s legal name not what his peers refer to him by.

{¶ 16} The majority of Rackley's assertions do not relate to information that would be found in the grand jury minutes. Rackley asserts in his brief that the prosecutor knowingly used false evidence at trial and "violated his procedural due process by using information from Shaker [H]eights police report, and sent an unsworn synopsis direct to the Cuyahoga County Grand Jury." He alleges that this claimed "misconduct prejudice[d] [his] rights to a fair trial and [e]qual [p]rotection of the law, by not having a sworn complaint and affidavit from the detectives for a determination of probable cause."

{¶ 17} We do not find that Rackley has advanced a credible argument that the grand jury minutes would reveal prosecutorial misconduct. A motion for the disclosure of grand jury minutes may not be used to conduct a "fishing expedition" into potential avenues for relief. *See State v. Kelly,* 8th Dist. Cuyahoga No. 85662, 2006-Ohio-5902, ¶ 39; *State v. Carr*, 2d Dist. Montgomery No. 28193, 2019-Ohio-3802, ¶ 33; *State v. Boehm*, 2d Dist. Montgomery No. 16335, 1997 WL 856285, 2

(Dec. 31, 1997); *State v. Burroughs*, 165 Ohio App.3d 172, 2005-Ohio-6411, 845 N.E.2d 540, ¶ 14 (3d Dist.); *State v. Davis*, 1st Dist. Hamilton No. C-940026, 1994 Ohio App. LEXIS 3787 (Aug. 31, 1994); *State v. Pierce*, 4th Dist. Vinton No. 474, 1992 Ohio App. LEXIS 5103, 3 (Oct. 6, 1992).

{¶ 18} Accordingly, the trial court did not abuse its discretion when it denied Rackley's motion for grand jury minutes. Rackley's sixth assignment of error is overruled.

### III. Conclusion

{¶ 19} Because Rackley did not file a direct appeal, his arguments in assignments of I-V and VII are barred by res judicata. Further, the trial court did not abuse its discretion in denying Rackley's motion for grand jury minutes. All of Rackley's assignments of error are overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
EILEEN T. GALLAGHER, J., CONCUR