[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. T.L.M. v. Judges of the First Dist. Court of Appeals,* Slip Opinion No. 2016-Ohio-1601.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1601

THE STATE EX REL. T.L.M. *v.* JUDGES OF THE FIRST DISTRICT COURT OF APPEALS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. T.L.M. v. Judges of the First Dist. Court of Appeals,* Slip Opinion No. 2016-Ohio-1601.]

*Prohibition—Juvenile court—Court of appeals patently and unambiguously lacks jurisdiction to entertain state's appeals after state failed to strictly adhere to requirements of App.R. 5 by timely filing its motions for leave to appeal in court of appeals—Writ granted.*

(No. 2015-1365—Submitted January 5, 2016—Decided April 21, 2016.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} We grant relator, T.L.M., a juvenile, a peremptory writ of prohibition precluding respondents, the judges of the First District Court of Appeals, from hearing the state of Ohio's appeals of the juvenile court's orders granting T.L.M.

additional confinement credit. Because the state failed to timely comply with App.R. 5(C), as required when filing a motion for leave to appeal, the court of appeals lacks jurisdiction to hear the appeals. We also deny T.L.M.'s motion to stay as moot.

*Facts*

{¶ 2} In September 2014, the Hamilton County Juvenile Court invoked T.L.M.'s suspended 18-month commitment with the Ohio Department of Youth Services ("DYS") and ordered him into the custody of DYS. The court credited him with 131 days against his DYS commitment. On October 7, 2014, T.L.M. moved the juvenile court to recalculate his confinement credit under R.C. 2152.18(B) to include an additional 374 days. However, to preserve his appellate rights, T.L.M. appealed the judgments in his three cases shortly thereafter. The court of appeals granted a limited remand of the three cases for the juvenile court to rule on the recalculation of credit. On February 19, 2015, the juvenile court granted T.L.M.'s motion and awarded him 349 days of credit for time served at Abraxas Ohio Residential Treatment Center and Lighthouse Youth Center. T.L.M's appeals were voluntarily dismissed on February 23, 2015.

{¶ 3} On March 19, 2015, the state filed a notice of appeal of each of T.L.M.'s cases in the juvenile court. The state did not file motions for leave to appeal, as required under R.C. 2945.67(A) and App.R. 5(C). T.L.M. moved to dismiss the appeals, and the court of appeals granted the motions, because the state had not filed the required motions for leave to appeal.

{¶ 4} The state then filed a second set of notices of appeal, this time with accompanying motions for leave to appeal. The motions were filed in the juvenile court on March 23 but were not filed in the court of appeals until March 24, after the 30-day deadline for such an appeal had passed.

2

**{¶ 5}** T.L.M. moved to dismiss the appeals for lack of jurisdiction, but the court of appeals denied the motions and granted the state's motions for leave to appeal. The court of appeals also issued a briefing and scheduling order.

**{¶ 6}** T.L.M. asserts that the court of appeals has exercised judicial power in denying T.L.M.'s second set of motions to dismiss the state's appeals and granting the state's motions for leave to appeal. T.L.M. contends that the court's exercise of judicial power is unauthorized by law and that he has no adequate remedy at law.

**{¶ 7}** T.L.M. requests a peremptory writ to hold in abeyance the appellate court proceedings and a final writ that would (1) prohibit the court of appeals from hearing the appeals and (2) dismiss the proceedings for lack of jurisdiction. T.L.M. also requests an alternative writ requiring the court of appeals to show cause why it should be allowed to proceed.

**{¶ 8}** The court of appeals, through counsel, filed a motion to dismiss T.L.M.'s complaint for prohibition, and T.L.M. responded. T.L.M. has also filed a motion to stay the appellate proceedings.

*Analysis*

**Prohibition**

**{¶ 9}** To be entitled to the requested writ of prohibition, T.L.M. must establish that (1) the court of appeals is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18 and 23; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. Even if T.L.M. has an adequate remedy, this court may issue a writ if the lack of jurisdiction is "patent and unambiguous." *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

**{¶ 10}** The court of appeals has exercised judicial power by denying T.L.M.'s second set of motions for dismissal of the state's appeals and granting the state's motions for leave to appeal. The court will continue to exercise judicial power, because it has issued a briefing schedule and intends to rule on the appeals. T.L.M. has a remedy in that he may appeal the court's final orders if they are adverse to him.

**{¶ 11}** But T.L.M. claims that the court of appeals patently and unambiguously lacks jurisdiction to hear the state's appeals of the orders granting him additional confinement credit because the state failed to file in the court of appeals its motions for leave to appeal before the 30-day deadline set forth in App.R. 5(C).

**{¶ 12}** In this context, the state has a limited right to appeal and must seek leave to appeal. R.C. 2945.67. App.R. 5(C) states:

> When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal *shall be filed with the court of appeals within thirty days* from the entry of the judgment and order sought to be appealed * * *. * * * *Concurrently with the filing of the motion*, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant.

(Emphasis added.) The state is strictly held to the requirements of App.R. 5 when appealing by leave of court. *State ex rel. Steffen v. First Dist. Court of Appeals*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 27 (state was "required to timely seek leave to appeal"). *See also State v. Wallace*, 43 Ohio St.2d 1, 330 N.E.2d 697 (1975), syllabus ("A motion for leave to appeal by the state in a criminal case shall be governed by the procedural requirements of App.R. 5 and the time requirements [formerly set forth in] App.R. 4(B)").

**{¶ 13}** While the state's notices of appeal and motions for leave to appeal were filed in the juvenile court on March 23, 2015, they were not filed at the court of appeals until March 24, 2015, after the deadline. The motions for leave to appeal were therefore not filed "with the court of appeals" within the 30 days permitted. Nor did the state file the notices of appeal with the trial court "[c]oncurrently with the filing of the motion[s]" in the court of appeals. Rather, the state filed all the documents in the trial court, with a request that the clerk of that court file the materials in the court of appeals. The juvenile court clerk did not do so until a day after the 30-day deadline had expired.

**{¶ 14}** Under *Steffen* and *Wallace*, the court of appeals never obtained jurisdiction to decide whether the state could appeal, because the state did not strictly adhere to the requirements of App.R. 5 by filing its motions in the court of appeals before the deadline. The court of appeals patently and unambiguously lacks jurisdiction to entertain the state's appeals, and we therefore grant a peremptory writ of prohibition preventing the court of appeals from proceeding.

**Motion to stay appellate proceedings**

**{¶ 15}** T.L.M. filed a motion to stay the proceedings in the First District pending a final decision in this case. The motion is denied as moot.

Writ granted
and motion to stay denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Timothy Young, Ohio Public Defender, and Charlyn Bohland, Assistant Public Defender, for relator.

Michael DeWine, Ohio Attorney General, and Sarah E. Pierce and Brodi J. Conover, Assistant Attorneys General, for respondents.

_____