[Cite as *State v. Nutter*, 2016-Ohio-8291.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 16CA23 |
| | : | |
| v. | : | |
| | : | |
| NICHOLE NUTTER, | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellee. | : | **RELEASED: 12/16/16** |
| | : | |

_____

Hoover, J.,

{¶1}    Appellant State of Ohio filed a notice of appeal from a journal entry finding

that the state failed to demonstrate probable cause that Appellee Nichole Nutter violated

community control/judicial release. The state did not file a motion for leave to file an

appeal pursuant to R.C. 2945.67(A) and App.R. 5(C). After reviewing the notice of

appeal, this Court noted that the journal entry being challenged did not appear to be one

of those enumerated in R.C. 2945.67 authorizing the state to appeal as of right.  We

directed the state to submit a memorandum on this issue within ten days.

{¶2}    The state filed a memorandum in which it conceded that it did not have an

appeal of right and that the appropriate avenue would have been to file for leave of

court to file the notice of appeal.  Instead of filing a separate motion for leave, the state's

memorandum includes the following statement, "the State now moves for leave of court

to file a notice of appeal pertaining to the issue."

{¶3}    The state's right to appeal a trial court's decision is governed by R.C.

2945.67(A), which states:

> (A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *.

{¶4}    This statute grants the state a substantive, but limited, right of appeal. *State v. Slatter*, 66 Ohio St.2d 452, 456-57, 423 N.E.2d 100 (1981).  The State's absolute right of appeal is only available when the trial court's decision falls into one of four categories stated in the statute: (1) a motion to dismiss all or part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for the return of seized property; or (4) a petition for post-conviction relief.  *State v. Matthews*, 81 Ohio St.3d 375, 377-78, 691 N.E.2d 1041 (1998).

{¶5}    The state may appeal "any other decision, except the final verdict" of the trial court, but only if the state first obtains leave from the appellate court to take the appeal.  R.C. 2945.67(A); *Matthews* at 378 (stating it is solely within the discretion of the reviewing court to grant or deny the state's motion for leave to appeal in a criminal case); *State v. Keeton*, 18 Ohio St.3d 379, 481 N.E.2d 269 (1985) (holding the state may appeal any decision of a trial court by leave of the appellate court in a criminal case which is adverse to the state, except a final verdict).  The decision to grant or deny leave for the State to appeal rests solely within the appellate court's discretion.  *State v.*

*Fisher*, 35 Ohio St.3d 22, 23, 517 N.E.2d 911 (1988).

App.R. 5(C) states:

(C) Motion by Prosecution for Leave to Appeal.  When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant.

**{¶6}**    "The state is strictly held to the requirements of App.R. 5 when appealing by leave of court." *State ex rel. T.L.M. v. Judges of First Dist. Court of Appeals,* 147 Ohio St.3d 25, 2016-Ohio-1601, 59 N.E.3d 1260, ¶12-14. When the state does not strictly adhere to the requirements of App.R. 5, the appellate court patently and unambiguously lacks jurisdiction to entertain the state's appeal. *Id.* at ¶ 14.

**{¶7}**    Here the state failed to comply with the procedural mandates of App.R. 5(C). The state did not file a motion for leave to appeal, but instead included a one-sentence request as part of its memorandum; the state did not file affidavits or the parts of the record on which it relied to show the probability that the errors claimed did in fact occur; it did not file a brief or memorandum of law in support of the motion; and the

notice of appeal was not filed concurrently with a motion for leave to appeal. *See State v. Fisher*, 35 Ohio St.3d 22, 25-26, 517 N.E.2d 911 (1988); *see also State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 27-28 (state did not file a timely motion for leave and did not file it concurrently with the notice of appeal); *In re A.E.*, 10th Dist. Franklin No. 08AP-59, 2008-Ohio-4552, ¶ 10 ("Absent full compliance the appeal must be dismissed."); *State v. Mitchell*, 6th Dist. Lucas No. L-03-1270, 2004-Ohio-2460, ¶9-11 (motion for leave to appeal must be filed concurrently with the notice of appeal). Because the state did not comply with App.R. 5(C), we do not have jurisdiction and we must dismiss this appeal.

{¶8} We **DENY** the state's motion for leave to appeal. The clerk shall serve a copy of this order on all counsel of record and unrepresented parties at their last known addresses by ordinary mail. **APPEAL DISMISSED. IT IS SO ORDERED.**

Abele, J. and McFarland, J.: Concur.

**FOR THE COURT**

_____

Marie Hoover
Judge