PER CURIAM:
{¶ 1} The State of Ohio seeks leave to cross-appeal from the final judgment entry sentencing Harvey L. Jones in the underlying case. Jones appealed the same day the November 21, 2016 final judgment was entered. The State filed its motion for leave and notice of cross-appeal 30 days thereafter.
{¶ 2} The State seeks to raise four issues with respect to the trial court's legal determinations as to merger, allied offenses, and the propriety of "residual doubt" argument to the jury. The trial court's determinations on merger and allied offenses were journalized in two written decisions, both entered prior to the final judgment entry:
1. a September 29, 2016 "Order Granting in Part and Overruling in Part Defendant's Rule 29 Motion at the End of the State's Case-in-Chief and at the End of Defendant's Case," and
2. an October 6, 2016 "Decision and Order Regarding Merger of Aggravated Murder Counts and Related Aggravating Circumstances Specifications."
The final judgment entry was issued thereafter, on November 21, 2016. The State's December 21 motion for leave and notice of cross-appeal were filed more than 30 days after the September 29 and October 6 orders, but within 30 days of the November 21 final judgment entry.
{¶ 3} It appeared to this court that the State's motion for leave and notice of cross-appeal may be untimely as to the September 29 and October 6 orders. We asked both parties to brief the timeliness issue. Both filed responses, and the matter is now ripe.
{¶ 4} The State is seeking an appeal by leave of court. The statute governing such appeals provides, in relevant part:
A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *.
(Emphasis added.) R.C. 2945.67(A).
{¶ 5} "A motion for leave to appeal by the state in a criminal case [is] governed *973 by the procedural requirements of App.R. 5 and the time requirements [formerly set forth in] App.R. 4(B)." State ex rel. T.L.M. v. Judges of First Dist. Court of Appeals , 147 Ohio St.3d 25, 2016-Ohio-1601, 59 N.E.3d 1260, ¶ 12, citing State v. Wallace , 43 Ohio St.2d 1, 330 N.E.2d 697 (1975), syllabus. The time requirements for a State's motion for leave are now set forth in App.R. 5(C). State v. Tate , 179 Ohio App.3d 71, 2008-Ohio-5686, 900 N.E.2d 1018, ¶ 48 (7th Dist.). "Rather than referring to the 30-day time period in App.R. 4(A), which has exceptions for cross-appeals, App.R. 5(C) now provides its own time period within which the state must file its motion for leave to appeal and its concurrent notice of appeal." Id. (distinguishing Wallace , which was issued "at a time when App.R. 5 did not provide its own time limit for App.R. 5 appeals by the state"); see also 1988 Staff Note, App.R. 5 (rule amended to "track the language suggested in Wallace and further incorporate its reasoning that the reasonable period of time in which the prosecution may appeal be limited to thirty days as set forth in App. R. 4(B)").
{¶ 6} App.R. 5(C) currently provides:
When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. * * * Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals.
(Emphasis added). Strict compliance with App.R. 5(C) is a jurisdictional prerequisite for a State's appeal by leave of court. See State ex rel. T.L.M. v. Judges of First Dist. Court of Appeals , 147 Ohio St.3d 25, 2016-Ohio-1601, 59 N.E.3d 1260, ¶ 12, 14.
{¶ 7} When the State seeks leave to appeal an interlocutory order journalized before the underlying criminal case is complete, another issue arises. Neither R.C. 2945.67(A) nor App.R. 5(C) specifically states whether the 30 days to appeal begins to run at the time the interlocutory "other decision" is issued, or whether the State must wait until the case is resolved by final appealable order to appeal. The timing issue identified by this court thus turns on the resolution of a related finality question: does a State's appeal by leave of court require that there be a final appealable order entered in the case, or can the State take an immediate appeal from a non-final order? If the State can take an immediate appeal, and the 30 days begins to run at the time of the "other decision," then the State's motion for leave to cross-appeal here would be untimely. If the State must wait for a final appealable order, and the 30 days begins to run only upon the issuance of that order, then the State's motion for leave to cross-appeal here would be timely.
{¶ 8} The State argues that it could not appeal the September 29 and October 6 orders when issued because they were interlocutory and could not be appealed until the trial court issued a final appealable order. Compare App.R. 4(A)(2) ("a party who wishes to appeal from an order that is not final upon its entry but subsequently becomes final-such as an order that merges into a final order entered by the clerk or that becomes final upon dismissal of the action-shall file the notice of appeal required by App.R. 3 within 30 days of the date on which the order becomes final").
*974 Jones argues that the time to appeal began to run when the orders "sought to be appealed" were journalized, not when the final appealable order was entered.
{¶ 9} "Neither [ R.C. 2945.67(A) ] nor the case law explains clearly whether a party invoking the statute must separately establish appellate jurisdiction (by invoking one of the categories of 'final order' under R.C. 2505.02, for example), or whether instead the statute itself * * * serves as an independent basis for asserting appellate jurisdiction." Painter & Pollis, Ohio Appellate Practice , Section 2:28 (2016). The narrower question of whether the State must seek leave to appeal an interlocutory order when it is issued or wait until a final order is entered has likewise not been directly or consistently answered. In 1984, the Supreme Court of Ohio held that a state's appeal (with leave or as of right) must satisfy R.C. 2945.67 and also be from a final appealable order. State ex rel. Leis v. Kraft, 10 Ohio St.3d 34, 35, 460 N.E.2d 1372 (1984) (referring to the "two limitations" on the State's ability to appeal). Yet, the court held in a separate 1984 case that the State could seek leave to appeal a discovery order at the time it was issued, without discussing the order's finality. State ex rel. Corrigan v. Griffin , 14 Ohio St.3d 26, 27, 470 N.E.2d 894 (1984), approved and followed in State ex rel. Lighttiser v. Spahr , 18 Ohio St.3d 234, 235, 480 N.E.2d 779 (1985).
{¶ 10} In 1986, Chief Justice Celebrezze, writing in dissent, said:
This court has long observed that "[u]nless permitted by statute, the weight of authority in this country is against the right of the government to bring error in a criminal case." State v. Simmons (1892), 49 Ohio St. 305, 307, 31 N.E. 34. See, also, 27 Ohio Jurisprudence 3d (1981) 764, Criminal Law, Section 1433. In recognition of the importance of allowing appellate review of certain trial court decisions which are adverse to the position of the prosecution, the General Assembly enacted R.C. 2945.67 as an exception to the general rule. Our task therefore is to determine what trial court rulings may be reviewed under this legislative grant and the appropriate time for the state to appeal decisions alleged to be erroneous.
Practical considerations, necessitated by the vital constitutional provision against double jeopardy, lead to a conclusion that appellate review of trial court decisions following a judgment of acquittal are useless, or, at best, suspect because the cause is moot. The apparent purpose behind the enactment of R.C. 2945.67 is to authorize appeals by the state in a manner which does not defeat double jeopardy principles and which also preserves the longstanding judicial policy prohibiting advisory opinions. Both goals can be achieved if R.C. 2945.67 is construed to authorize the state to seek leave to appeal from interlocutory rulings at the time they occur and before a judgment of acquittal has been entered which may render the question moot, as occurred in the case at bar. This was the procedure followed in State v. Ferman (1979), 58 Ohio St.2d 216, 389 N.E.2d 843 [12 O.O.3d 206] [ (concerning a motion to suppress) ]. Moreover, the statute unquestionably grants a mid-trial appeal as of right when the evidentiary determination "* * * renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed * * *." State v. Davidson (1985), 17 Ohio St.3d 132, 477 N.E.2d 1141, syllabus. It is entirely consistent to authorize a discretionary mid-trial appeal where the evidentiary rulings under *975 consideration are not so unambiguously detrimental to the state's case.
* * *
R.C. 2945.67 provides that the state may appeal certain enumerated "decisions" of the trial court "as a matter or [of] right." We have recently held that such appeals may immediately ensue at the time the alleged error is made. State v. Davidson, supra . However, R.C. 2945.67 also provides that the state may, "by leave of the court," seek review of any other "decision." Similarly, we have held that the state can seek discretionary appellate review of such other decisions after the trial court has entered its interlocutory order. State, ex rel. Corrigan, v. Griffin (1984), 14 Ohio St.3d 26, 470 N.E.2d 894.
* * *
In my opinion, any proper construction of R.C. 2945.67 should provide the prosecution with leave to appeal trial court decisions without also disturbing the court's policy against rendering advisory opinions. Accordingly, in this case I would affirm the judgment of the court of appeals which held that the judgment of acquittal precluded it from granting the state leave to appeal the evidentiary orders.
(Emphasis added.) State v. Arnett , 22 Ohio St.3d 186, 188-191, 489 N.E.2d 284 (1986) (Celebrezze, C.J., dissenting). Arnett concerned expert testimony given at trial, which the State sought to appeal after acquittal. The Arnett majority did not expressly discuss the timing of the State's appeal, holding only that courts of appeal had jurisdiction to allow the State to appeal notwithstanding a defendant's acquittal. Arnett at 188, 489 N.E.2d 284. The Arnett dissent has not been widely cited; the Supreme Court recently criticized the Eighth District's citation to it in In re M.M. , 135 Ohio St.3d 375, 2013-Ohio-1495, 987 N.E.2d 652, a case concerning the State's attempt to take a discretionary appeal of an "appeal as of right" order after missing the deadline for the "as of right" appeal.
{¶ 11} In 1994, in what arguably could be described as dicta, the Supreme Court described the State's right to appeal by leave of court as an "exception" to the rule that interlocutory orders are not final or appealable. State ex rel. Steckman v. Jackson, 70 Ohio St.3d 420, 438-439, 639 N.E.2d 83 (1994), overruled on other grounds by State ex rel. Caster v. Columbus , 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598.
{¶ 12} In 2007, the Supreme Court relied on Steckman to explicitly hold that the State could seek leave to appeal from a trial court's interlocutory, pretrial discovery order. State ex rel. Mason v. Burnside , 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 13-14. That same year the court also reversed a court of appeals' dismissal of a state's as-of-right appeal for lack of a final appealable order, holding that the state's appeal statute, and not the final appealable order statute, was dispositive. State v. Craig , 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, ¶ 9-16 ("The state premises its argument on two statutes, R.C. 2505.02, which governs final, appealable orders, and R.C. 2945.67, which speaks to the state's right to appeal the dismissal of an indictment in whole or in part. We find the latter statute dispositive and, accordingly, discuss only it"). Craig suggests that a finality analysis is not required. Id. at ¶ 16 ("We need go no further").
{¶ 13} In 2008, the Supreme Court examined the finality of an order denying mandatory transfer of a juvenile to the general division of the common pleas court before finding that it was an appeal as of right, suggesting that a finality analysis is *976 required. In re A.J.S. , 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 13-33. The decision also suggested that whether an order was final was a distinct question from whether the State could appeal it, holding that "even when a trial court's order constitutes a final order pursuant to R.C. 2505.02 and 2505.03, the state may appeal from that order only by leave of the court of appeals unless it is one of the types of orders that R.C. 2945.67(A) permits the state to appeal as of right." Id. at ¶ 30. In 2010, the court affirmed an appellate court's grant of leave to appeal an order granting reconsideration of a motion for acquittal, where the order left charges pending against the defendant, without explicitly resolving whether the reconsideration order was a final appealable order. State v. Ross , 128 Ohio St.3d 283, 2010-Ohio-6282, 943 N.E.2d 992, ¶ 52.
{¶ 14} Appellate court decisions are likewise inconsistent. The State here relies on State v. Colon , 8th Dist. Cuyahoga No. 103150, 2016-Ohio-707, 2016 WL 763960, ¶ 11, appeal not allowed , 146 Ohio St.3d 1491, 2016-Ohio-5585, 57 N.E.3d 1171, ¶ 11, which held that "[w]hen ruling on the state's motion for leave to appeal, courts must consider R.C. 2945.67 in conjunction with R.C. 2505.02 and 2505.03(A)." Accord State v. Buchanan , 8th Dist. Cuyahoga No. 78154, 2001 WL 605412, *1 (May 31, 2001) ("Although R.C. 2945.67 allows the State an appeal as of right from the dismissal of an indictment, we must still determine whether the dismissal is a final, appealable order"). The Tenth District has likewise concluded that the dismissal without prejudice of a complaint against a juvenile based on truancy was not a final appealable order and dismissed the state's appeal therefrom. In re A.E. , 10th District Franklin No. 08AP-59, 2008-Ohio-4552, 2008 WL 4151626, ¶ 27.
{¶ 15} The Ninth District held that "[a] trial court order other than one of those four [subject to the State's appeal as of right] may be appealed only if the order is final under Section 2505.02 and the appellate court grants leave." State v. Rivera, 9th Dist. Lorain Nos. 08CA009426, 2009-Ohio-1428, 2009 WL 806819, ¶ 11. That court reversed course shortly thereafter, noting that finality appeared to be a separate, non-determinative issue from the State's ability to appeal:
This court has issued conflicting opinions regarding whether an order from which the state has sought leave to appeal under R.C. 2945.67(A) must also be a final order under R.C. 2505.02 for this court to be able to grant leave. In State v. Ford , 9th Dist. No. 23269, 2006-Ohio-6961 [2006 WL 3825194], Sammy Ford pleaded guilty to felonious assault, domestic violence, and violating a protective order. The trial court sentenced him on the domestic-violence and violating-a-protective-order offenses, but refused to sentence him for felonious assault. The state moved the trial court to reconsider its decision to hold Ford's sentence for felonious assault in abeyance, but the trial court denied its motion. The state timely moved for leave to appeal the denial of its motion for reconsideration, and this court granted the motion. This court wrote that "pursuant to R.C. 2945.67(A) this Court granted the State's motion for leave to appeal. As such, we are not confronted with the analysis of a final, appealable order under R.C. 2505.02. Rather, we are governed by R.C. 2945.67 which gives this Court the discretion to grant the State leave to appeal any judgment which is not a final verdict." Id. at ¶ 5 ; see also State v. Burroughs , 165 Ohio App.3d 172, 2005-Ohio-6411, 845 N.E.2d 540, at ¶ 11 (court had jurisdiction under R.C. 2945.67(A) to review trial court decision *977 allowing disclosure of grand jury testimony).
On the other hand, in State v. Rivera , 9th Dist. Nos. 08CA009426 and 08CA009427, 2009-Ohio-1428 [2009 WL 806819], the state moved for leave to appeal after the trial court held unconstitutional its method of execution by lethal injection. We noted that Section 2945.67(A)"identifies four trial court orders the State may appeal as a matter of right[.]" Id. at ¶ 11. We then wrote, without acknowledgement of Ford or citation of any other authority, that "[a] trial court order other than one of those four may be appealed only if the order is final under Section 2505.02 and the appellate court grants leave." Id.
Ohio Supreme Court precedent appears to support this court's conclusion in Ford over what we wrote in Rivera . In State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, 421, 639 N.E.2d 83, the Supreme Court considered three cases in which the defendants had attempted to use public-records laws "as a vehicle to obtain records from law enforcement officials and the contents of the files of prosecutors in pending criminal cases." In one of the cases, the state had appealed after the trial court granted the defendant's pretrial motion for the release of any public records relating to the charges against him. The Supreme Court noted that discovery orders had long been considered "interlocutory and, as such, are neither final nor appealable." Id. at 438 [639 N.E.2d 83]. It recognized, however, that "[a]n exception to this rule is the state's right to appeal 'by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *.' " (Emphasis omitted.) Id. at 438-439 [639 N.E.2d 83], quoting R.C. 2945.67(A). It therefore held that the state's appeal had been properly before the court of appeals. Id. at 439 [639 N.E.2d 83]. Like the Supreme Court, we note that R.C. 2945.67(A) specifically provides that, by leave of this court, the state may appeal "any other decision" of the trial court in a criminal case, except the final verdict. See State v. Ross , 128 Ohio St.3d 283, 2010-Ohio-6282, 943 N.E.2d 992, at ¶ 15 ("In addition to the orders that the statute specifies are appealable as of right, R.C. 2945.67(A) allows the state, by leave of court, to appeal 'any other decision' in a criminal case 'except the final verdict,' " quoting R.C. 2945.67(A) ). If the General Assembly had intended to limit this court's discretion under R.C. 2945.67(A) to final orders, it could have said so.
State v. Jackson , 192 Ohio App.3d 617, 2011-Ohio-986, 949 N.E.2d 1070, ¶ 5-7 (9th Dist.). The court did not resolve the inconsistency, however, finding that it should not have granted the State leave to appeal for other reasons.
{¶ 16} Like the Ninth District, the Fourth District has held that "even if the court's judgment is not a final, appealable order, R.C. 2945.67 creates an exception to the final, appealable order rule." State v. Reid , 4th Dist. Pickaway No. 12CA3, 2013-Ohio-562, 2013 WL 624129, ¶ 3, fn. 1, citing Steckman, Mason, and Jackson , supra.
{¶ 17} Adding to the confusion, still other courts use the term "final appealable order" in this context as a shorthand designation to refer to an order that the State may appeal, rather than as a separate, statutory, jurisdictional requirement. See, e.g., State v. Clements , 5th Dist. Licking No. 07 CA 22, 2008-Ohio-30, 2008 WL 77473, ¶ 14 ("we find that the trial court's February 8, 2007, Judgment Entry is not one that the State may appeal as a matter of right under R.C. 2945.67(A). The State *978 was required to seek leave of this Court to file its appeal. Having failed to do so, we find that there is not a final appealable order"); State v. Gordon , 8th Dist. Cuyahoga No. 86562, 2006-Ohio-1732, 2006 WL 880037, ¶ 11 ("the trial court's ruling is not one that the State may appeal as a matter of right under R.C. 2945.67 ; thus, the State must obtain leave of this court. Since leave to appeal the trial court's decision was not obtained, we lack a final, appealable order and must dismiss the appeal"); State v. Stout , 12th Dist. Butler No. CA85-11-140, 1986 WL 7390, *3 (June 30, 1986) ("a motion to suppress filed by the defendant, which is allowed, may become a final appealable order if the state files a notice of appeal therefrom as provided by R.C. 2945.67 and complies with Crim.R. 12(J)").
{¶ 18} This court has in the past implicitly and explicitly limited state's appeals to final appealable orders as defined by statute, but has also used the imprecise language described above. In 1994, this court dismissed a state's appeal for lack of jurisdiction where the order on appeal granting defendant access to grand jury minutes was deemed not a final appealable order. State v. Myers , 92 Ohio App.3d 750, 754, 637 N.E.2d 92 (2d Dist. 1994). In 2001, we said: "A preliminary question in this case is whether the denial of the motion to disqualify counsel for defendant in a criminal case is a final appealable order. Acting with the discretion granted us by R.C. 2945.67(A), we allowed the appeal, but this decision is not to be taken as precedent on whether or not the denial of the motion to disqualify defense counsel is a final appealable order." State v. Turner , 2d Dist. Montgomery No. 18554, 2001 WL 524386, *1 (May 18, 2001). We ultimately reviewed the State's appeal and reversed the trial court's decision.
{¶ 19} In 2002, this court held that a State's appeal could proceed from an entry denying a request to bindover from juvenile court, after determining it was a final appealable order. In re Cline , 2d Dist. Montgomery No. 19082, 2002 WL 63794. In 2008, we used the language of "final appealable order" when finding that the State could appeal as of right:
As a threshold matter, an order must be a final appealable order in order for this court to gain jurisdiction. The Ohio Supreme Court has held that pursuant to R.C. 2945.67(A) a prosecutor can appeal any dismissal of an indictment, whether the dismissal is with or without prejudice. State v. Craig, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957. Accordingly, this court has jurisdiction to review the appeal.
State v. Rodriguez , 2d Dist. Darke No. 1722, 2008-Ohio-3377, 2008 WL 2627672, ¶ 7. Unfortunately, these cases do not provide a clear answer to the question currently before the court.
{¶ 20} For the following reasons, we conclude that the State may seek leave to appeal "any other decision" of the trial court pursuant to R.C. 2945.67(A) within 30 days of the entry of a final appealable order. In this case, the State's time to appeal pursuant to App.R. 5(C) began to run when the final order was entered on November 21, 2016, not when the trial court journalized the other decisions the State seeks to challenge. This conclusion is consistent with our constitutional grant of jurisdiction and the Staff Notes to the Rules of Appellate Procedure, and will help facilitate the prompt resolution of criminal cases without interruption by piecemeal appeals.
{¶ 21} Because this question implicates our jurisdiction, State ex rel. T.L.M. v. Judges of First Dist. Court of Appeals , 147 Ohio St.3d 25, 2016-Ohio-1601, 59 N.E.3d 1260, ¶ 12-14, we look first to our constitutional roots.
*979 Section 3(B)(2), Article IV, of the Ohio Constitution states that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." (Emphasis added.) Such jurisdiction is "provided by law" in R.C. 2501.02 (among other places), which grants this court jurisdiction "to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district * * *." (Emphasis added.) "Both grants of jurisdiction to the courts [of appeals] require that a trial court's order be a final order." In re Adams , 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 26 (internal citations and quotations omitted). R.C. 2945.67(A) does not speak in terms of granting jurisdiction to courts of appeal, but in terms of granting limited appellate rights to the State, suggesting that the constitutional grant of jurisdiction over final orders remains in place.
{¶ 22} App.R. 5(C) requires that the State seek leave to appeal within 30 days "from the entry of the judgment and order sought to be appealed." The phrase "judgment or order" is significant, as the 2014 Staff Note to App.R. 4 indicates the phrase has a particular meaning: "The amendments to App.R. 4(A) also remove the references to 'judgment or order'; this change is not substantive but merely recognizes that there is no need to use both terms, since every judgment is also a final order." As noted above, the time requirements for a State's motion for leave to appeal originated in App.R. 4 before moving to App.R. 5(C). See 1988 Staff Note, App.R. 5 (rule amended to "track the language suggested in [ State v. Wallace , 43 Ohio St.2d 1, 330 N.E.2d 697 (1975) ] and further incorporate its reasoning that the reasonable period of time in which the prosecution may appeal be limited to thirty days as set forth in App. R. 4(B)"). The phrase was not amended in App.R. 5(C), but we find the 2014 Staff Note's discussion insightful. And, although App.R. 5(C) could benefit from greater clarity, we hold that the time period for a State's appeal by leave of court begins to run when the trial court enters a final appealable order.
{¶ 23} This conclusion is in accord with other practical and policy concerns. For example, some interlocutory decisions may be subject to modification by the trial court as a case proceeds. See State v. Grubb , 28 Ohio St.3d 199, 201-202, 503 N.E.2d 142 (1986) ("a motion in limine , if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue"); Trotwood v. S. Cent. Constr., L.L.C. , 192 Ohio App.3d 69, 2011-Ohio-237, 947 N.E.2d 1291, ¶ 57 (2d Dist.) ("When an order of a trial court is interlocutory, the order remains subject to revision or modification by the trial court"). Bringing such an issue to this court before the trial court has had the opportunity to fully resolve it bypasses a step necessary to this court's review. It could also generate a body of mid-case, quasi-advisory opinions on virtually any subject. Similarly, the record of an appeal taken mid-case may be insufficient to fully analyze the matter. Some assignments of error require a discussion of prejudice or harmless error, or other facts or defenses, which would require this court to speculate about the outcome and content of a trial that has not yet occurred. We do not believe the statute's drafters intended these results.
{¶ 24} Finally, a finding that the State can immediately seek leave to appeal at any stage of the case risks major delays in criminal proceedings, even if this court ultimately rejects the State's requests for leave and dismisses its appeals. See App.R. 5(C) (requiring a concurrently-filed notice *980 of appeal); State ex rel. Rock v. School Emp. Retirement Bd. , 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8 ("once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment"). We decline to read R.C. 2945.67(A) and App.R. 5(C) to permit immediate appeals of "any other decision" in a criminal case before the ultimate decision has been reached. Although some caselaw suggests or holds that such appeals are permitted, we do not think the General Assembly intended to grant the State appellate rights that far exceed those afforded to defendants. See State v. Davidson , 17 Ohio St.3d 132, 134, 477 N.E.2d 1141 (1985) ( R.C. 2945.67 was adopted to offset the "imbalance" that allowed defendants, but not the State, to appeal final orders).
{¶ 25} We therefore hold that when the State seeks leave to appeal "any other order" pursuant to R.C. 2945.67(A), the 30 day deadline set forth in App.R. 5(C) begins to run when the trial court enters a final appealable order. Here, the State filed its notice of cross-appeal and motion for leave to cross-appeal on December 21, 2016, which was within 30 days of the November 21, 2016 final appealable order. The motion and notice of cross-appeal were therefore timely.
{¶ 26} Separate from the timeliness inquiry, we have reviewed the substance of the State's motion for leave to cross-appeal. The motion is SUSTAINED in its entirety. The State's cross-appeal shall proceed in accordance with the Rules of Appellate Procedure and this court's Local Appellate Rules. The State shall file its brief within 20 days of the journalization of this Decision and Entry.
SO ORDERED.
MARY E. DONOVAN, Judge
JEFFREY E. FROELICH, Judge
JEFFREY M. WELBAUM, Judge