[Cite as *State ex rel. Kerr v. Kelsey*, 2019-Ohio-3215.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio, ex rel. Jeremy Kerr                    Court of Appeals No. WD-19-047

    Relator

v.

Judge Reeve Kelsey                                   **DECISION AND JUDGMENT**

    Respondent                                   Decided:  August 6, 2019

* * * * *

Jeremy Kerr, pro se.

* * * * *

**ZMUDA, J.**

{¶ 1} Relator, Jeremy Kerr, proceeding pro se, filed this original action seeking a writ of prohibition against respondent Judge Reeve Kelsey, retired judge from the Wood County Court of Common Pleas.  Under 6th.Dist.Loc.App.R. 6(B), respondent is only required to file a responsive pleading or a motion to dismiss in the event we determine relator properly set forth a claim for relief and issue an alternative writ providing a

deadline for such a response. Because relator's complaint fails to properly set forth a claim for relief, we decline to grant an alternative writ and no responsive filing is required. Relator's failure to show respondent had a patent and unambiguous lack of subject-matter jurisdiction, or that he lacked an adequate remedy in the ordinary course of law, render his claim insufficient and warrant dismissal.

## I. Background

{¶ 2} Relator identifies six interrelated issues on which he seeks relief.[1] Complaint at ¶ 20-66. Each of these issues arise from previous civil litigation in Wood County, Ohio. In the first action, Keith Lenz, a non-party to this request for a writ of prohibition, filed a civil action against Kerr Building, Inc. in the Wood County Court of Common Pleas—case No. 2011-CV-0852. Complaint at ¶ 4. Kerr Building, Inc. failed to file any responsive pleading and respondent entered default judgment against it on January 27, 2012. Complaint at ¶ 8-10. Lenz subsequently filed a motion to pierce the corporate veil to seek damages from relator individually. Complaint at ¶ 11. Respondent denied the motion as relator was not a party to the action but granted leave for Lenz to file a motion for leave to amend to add relator as a party. Complaint at ¶ 12. Lenz's motion for leave to amend was granted and his amended complaint added relator as a defendant to a claim entitled "Officer's Liability for Corporate Action." Complaint at

_____

[1] In dismissing a complaint for writ of prohibition sua sponte, we must presume all facts alleged in the complaint are true. *Barnes v. Beachwood*, 8th Dist. Cuyahoga No. 87100, 2006-Ohio-3, ¶ 13-15.

2.

¶ 13. Relator filed a motion to dismiss the amended complaint arguing it was improper following entry of default against Kerr Building, Inc. Complaint at ¶ 14. Respondent denied the motion and ultimately entered judgment in Lenz's favor against both Kerr Building, Inc. and relator, jointly and severally, for damages in the amount of $234,670. Complaint at ¶ 15-16.

{¶ 3} Relator was later named in a separate action involving the transfer of certain parcels of land—Wood County Court of Common Pleas case No. 213-CV-0643.[2] Complaint at ¶ 17-19. There, Lenz alleged relator fraudulently transferred four parcels of real estate to a development company. Complaint at ¶ 17. Lenz sought to encumber title to those parcels with a judgment lien from the previous litigation and sought an injunction preventing the further transfer of the real property. Complaint at ¶ 18. Respondent granted the injunction. Complaint at ¶ 19. It is on these facts relator seeks a writ of prohibition from this court.

## II. Law and Analysis

{¶ 4} "In order to obtain a writ of prohibition, relator must prove: (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying a writ will result in injury for which no other adequate remedy exists in the

---

[2] Relator makes no separate reference to respondent's subject-matter jurisdiction in Wood County case No. 213-CV-0643. As a result, there is no basis for granting the requested writ in regard to judgment entered in that action.

3.

ordinary course of law." *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 178, 631 N.E.2d 119 (1994). A writ of prohibition can also issue in instances when the lower court has already exercised judicial power, as is the case here. *See State ex rel. T.L.M. v. Judges of First Dist. Ct. of Appeals*, 147 Ohio St.3d 25, 2016-Ohio-1601, 59 N.E.3d 1260, ¶ 9-10. The basis on which a writ of prohibition will be granted for future and past exercise of judicial power is the same. *Id.*

{¶ 5} The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). It is an "extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *Id.,* citing *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73, 424 N.E.2d 297 (1981). It is intended to determine "solely and only" the lower court's subject-matter jurisdiction. *Id.,* citing *State ex rel. Eaton Corp v. Lancaster*, 40 Ohio St.3d 404, 409, 534 N.E.2d 46 (1988). If the lower court does not patently and unambiguously lack jurisdiction, it has the ability to determine its own jurisdiction. *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 597 N.E.2d 116 (1992). A writ of prohibition will not issue without a patent and unambiguous lack of jurisdiction and a lower court's holding that it has jurisdiction following a challenge to the same must be addressed through an appeal. *Id.* Put simply, if there is not a patent and unambiguous lack of jurisdiction, relator's objections to the trial court's actions must be raised on appeal and his request for a writ of prohibition will be denied. *Id.*

4.

**{¶ 6}** Initially, we note that sua sponte dismissal of a complaint for a writ of prohibition is generally inappropriate. *State ex rel. Jones v. Garfield Hts. Mun. Ct.*, 77 Ohio St.3d 447, 447-448, 674 N.E.2d 1381 (1997), citing *State ex rel. Cossett v. Executive State Governors Federalism Summit*, 74 Ohio St.3d 1416, 655 N.E.2d 737 (1995). However, dismissal is warranted when the complaint is frivolous or the claimant cannot prevail on the facts alleged in the complaint. *Id.* Here, we find relator is unable to prevail on the facts alleged in the complaint as all issues raised could have been addressed on direct appeal from the trial court's judgment, providing relator with an adequate remedy at law. We recognize that relator is not required to establish the lack of an adequate remedy if there is a patent and unambiguous lack of subject-matter jurisdiction exercised by respondent. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15. The facts alleged in relator's complaint fail to support any such lack of jurisdiction to relieve him of this requirement.

**{¶ 7}** Relator's complaint identifies what he believes to be multiple errors by respondent. These include granting a default judgment against a "non-legal entity" (Count 1), a lack of personal jurisdiction over Kerr Building, Inc. due to lack of service (Count 2), and various allegations regarding respondent's granting of leave to amend a pleading to add a claim against relator (Counts 3-6). Each issue identified by relator constitutes an issue of law unrelated to subject-matter jurisdiction.

5.

{¶ 8} Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases. *Bank of Am. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19 (internal citations omitted). A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. *Id.* Relator's complaint makes no reference to the type of claim underlying the judgments he seeks to render void. Instead, he references only perceived errors in respondent's determination with regard to the rights of individual litigants. These do not support a patent and unambiguous lack of subject-matter jurisdiction over the underlying claims.

{¶ 9} First, Count 1 of relator's complaint argues that Kerr Building, Inc. is a non-legal entity and therefore not subject to the default judgment entered against it. [3] Relator makes no reference to the nature of the claim alleged against Kerr Building, Inc. Instead, relator attached a January 2, 2014 affidavit from then-Ohio Secretary of State, John Husted, indicating his office had no record of any documents having been filed by Kerr Building, Inc. Complaint at ¶ 5, Exhibit 1. Accepting this affidavit on its face, it does not indicate respondent patently and unambiguously lacked subject-matter jurisdiction over claims against Kerr Building, Inc. by virtue of it not being registered with the Secretary of State. R.C. 1329.10(C) specifically authorizes an action to "be commenced

---

[3] It is unclear how an improper granting of default judgment against a separate entity would render judgment against relator void when he appeared and defended himself in the action.

6.

or maintained against the user of a trade name or fictitious name whether or not the name has been registered or reported" to the secretary of state. R.C. 1329.10(C), *see also Family Medicine Foundation, Inc. v. Bright*, 96 Ohio St.3d 183, 772 N.E.2d 1177 (2002) (holding commencement and maintenance of a civil action against the user of a trade or fictitious name is not invalid on its face). The allegations in Count 1 of relator's complaint only show that Kerr Building, Inc. was not registered with the Secretary of State, not that respondent lacked subject-matter jurisdiction over the type of claim alleged against it.

{¶ 10} Further, to the extent respondent's judgment impacted relator, he had an adequate remedy at law to challenge any judgment against him both at trial and through appeal of any adverse judgment. Relator chose to exercise this option by appearing and defending the claims against him at the trial court. Complaint at ¶ 14-15. While his complaint is silent as to whether the judgment against him was appealed, that action, or inaction, is irrelevant to determining whether he had an adequate remedy at law. Allowing the time for appeal to lapse does not deprive relator of an adequate remedy at law to satisfy the requirements for granting the requested writ. *See State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 47, 676 N.E.2d 108 (1997).

{¶ 11} Assuming all allegations in Count 1 of his complaint are true, relator can only succeed in showing that Kerr Building, Inc. is not a registered entity in the state of Ohio. This alone does not preclude judgment against it and does not provide any indication as to why the underlying claims were outside those the trial court was

7.

authorized to hear under existing law.  In the event this judgment against a separate entity did impact relator, he appeared and defended himself in that same action and had an adequate remedy at law to appeal the adverse judgment.  Therefore, Count 1 of the complaint fails to support any of the elements necessary for the granting of the requested writ.

{¶ 12} Count 2 alleges respondent "lacks personal jurisdiction over 'Kerr Building, Inc.'" due to lack of service.  Complaint at ¶ 36.  Personal jurisdiction is the power of a court to enter a valid judgment against a person.  *In re. Shepard*, 4th Dist. Highland No. 00CA12, 2001 WL 802209 (Mar. 26, 2001), citing *Meadows v. Meadows*, 73 Ohio App.3d 316, 596 N.E.2d 1146 (3d Dist.1992).  Lack of personal jurisdiction is an affirmative defense established in Civ.R. 12(B)(2).  "It is axiomatic that Ohio courts can exercise jurisdiction over a person who is a resident of Ohio."  *Prouse, Dash & Crouch, LLP v. DiMarco*, 116 Ohio St.3d 167, 2007-Ohio-5753, 876 N.E.2d 1226, ¶ 5.  Relator makes no allegation that Kerr Building, Inc. is not a resident of Ohio for purposes of personal jurisdiction.  Instead, relator makes the related, but distinct claim that Kerr Building, Inc. was not properly served in the underlying action.  Complaint at ¶ 36, Civ.R. 12(B)(5).  Essentially, relator claims that the underlying action was never properly commenced against Kerr Building, Inc. in accordance with Ohio Civ.R. 3(A) and therefore the judgments against him were void.  This claim is unrelated to subject-matter jurisdiction.

8.

**{¶ 13}** A lack of service defense is an issue of law subject to de novo review by appellate courts. *See Hubiak v. Ohio Family Practice Center*, 2014-Ohio-3116, 15 N.E.3d 1238, ¶ 7-11 (9th Dist.). Commencement of an action requires the filing of a complaint and service upon a named defendant within a year from such filing. Civ.R. 3(A).[4] Whether the action was properly commenced against Kerr Building, Inc. is a defense which could have been raised by the entity itself. Civ.R. 12(B)(5). Count 2 of relator's complaint fails to identify any facts under which the granting of judgment against Kerr Building, Inc. divested respondent of subject-matter jurisdiction over claims against relator individually. Assuming relator's claim is that vacating the judgment against the corporate entity would likewise vacate the judgment against him, lack of service against the entity merely constitutes an affirmative defense to be raised at trial and is unrelated to subject-matter jurisdiction. *Id.*, Civ.R. 12(B).

**{¶ 14}** Additionally, relator fails to allege any facts in Count 2 of his complaint which support his legal conclusion that this affirmative defense, presumed to be true for purposes of this decision, somehow renders the judgment against him void. Complaint at ¶ 36-37. Relator appeared and defended himself in the underlying actions. Complaint at ¶ 14-16. Any errors by respondent with regard to lack of service on Kerr Building, Inc., to the extent it impacted the judgment against relator, are issues of law relator could have

---

[4] Notably, despite challenging respondent's decision to permit relator to be added to the underlying action, relator does not allege he himself was not properly served in the underlying action.

raised on appeal.  *Hubiak* at ¶ 7-11.  The ability to appeal the judgment against him provided relator with an adequate remedy at law.  Therefore, relator cannot succeed in satisfying the elements necessary for issuance of the requested writ under Count 2 of his complaint.

{¶ 15} Counts 3 through 6 identify discretionary rulings made by respondent in the first civil action as the basis for relator seeking the writ of prohibition.  Each count alleges respondent improperly granted Lenz leave to file an amended complaint.  The basis for these arguments are procedural in nature with regard to the prior entry of default or an alleged misapplication of Civ.R. 15.  None of these arguments suggest a patent and unambiguous lack of subject-matter jurisdiction.  It is well-established that the granting of leave to amend is within the discretion of a trial court and reversible on appeal under an abuse of discretion standard.  *See State ex rel. Wargo v. Price*, 56 Ohio St.2d 65, 66, 381 N.E.2d 943 (1978).  Respondent's purported misapplication of Civ.R. 15 or use of improper procedure in granting the motion for leave to amend is unrelated to subject-matter jurisdiction.  The facts in relator's complaint present only discretionary issues which are properly reviewed on appeal, not respondent's authority to adjudicate the claims against him.  As a result, Counts 3 through 6 of relator's complaint fail to identify a patent and unambiguous lack of subject-matter jurisdiction and relator had an adequate remedy at law with regard to the granting of leave to add him as a party.

{¶ 16} In reviewing the complaint, and assuming all facts alleged to be true, relator cannot succeed in showing respondent patently and unambiguously lacked

10.

Subject-matter jurisdiction over the underlying claims or that relator lacked an adequate remedy in the ordinary course of law. Accordingly, we dismiss relator's request for writ of prohibition.

{¶ 17} Writ denied. Motion for waiver of costs denied. Costs assessed to relator.

{¶ 18} **To the clerk: Manner of Service**

{¶ 19} The clerk is directed to serve upon all parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ denied.

Arlene Singer, J.                          _____
                                                              JUDGE
Christine E. Mayle, P.J.

Gene A. Zmuda, J.                  _____
CONCUR.                                           JUDGE

                                                 _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.