[Cite as *In re G.W.*, 2020-Ohio-300.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| IN RE: G.W. | : | Appellate Court Case No. 28580 |
| | : | |
| | : | |
| | : | Trial Court Case No. A-2019-003569 |
| | : | |
| | : | |
| | : | [Civil Appeal from Juvenile Court] |
| | : | |

---

**DECISION AND FINAL JUDGMENT ENTRY**

January 23, 2020

---

PER CURIAM:

{¶ 1} The State of Ohio, through the prosecuting attorney, seeks leave to appeal. The State asks this court to review the juvenile court's order denying its motion to access recordings of phone calls by G.W. while in a juvenile detention center. Because the appeal was not properly instituted, we lack jurisdiction to consider it.

{¶ 2} The State filed a timely notice of appeal from the juvenile court's order on October 17, 2019. Four days later, on October 21, 2019, the State filed a motion for leave to appeal. Because the notice and motion were not filed "concurrently" as required by App.R. 5(C) to invoke our jurisdiction, we ordered the parties to brief the issue. The State

filed a response on December 6, 2019. Appellee, G.W., did not file a response to our order or to the State's motion for leave.

{¶ 3} The State here is seeking a discretionary appeal under R.C. 2945.67. "In this context, the state has a limited right to appeal and must seek leave to appeal." *State ex rel. T.L.M. v. Judges of First Dist. Court of Appeals*, 147 Ohio St.3d 25, 2016-Ohio-1601, 59 N.E.3d 1260, ¶ 12. Discretionary appeals are governed by App.R. 5(C), which provides:

> When leave is sought by the prosecution from the court of appeals to appeal an order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the order sought to be appealed (or, if that order is not a final order, within thirty days of the final order into which it merges) and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. <u>Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal</u> in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals.

(Emphasis added). App.R. 5(C).

{¶ 4} Here, the State's appeal does not satisfy App.R. 5(C), in that the motion and the notice of appeal were not filed concurrently. *See State v. Mitchell*, 6th Dist. Lucas No. L-03-1270, 2004-Ohio-2460, ¶ 9, citing *State v. Fisher*, 35 Ohio St.3d 22, 25, 517 N.E.2d 911 (1988) (the State's motion for leave to appeal "must be filed concurrently with the notice

of appeal"). The Supreme Court of Ohio has held that "[t]he state is strictly held to the requirements of App.R. 5 when appealing by leave of court." *T.L.M.* at ¶ 12. Where "the state [does] not comply with the requirements of App.R. 5, the court of appeals patently and unambiguously lack[s] jurisdiction over the state's appeal." *State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 28.

{¶ 5} In its response, the State acknowledges the error, but asks this court to nonetheless grant leave to appeal. The State asserts that the four day "delay between the two filings was reasonable" and they should be considered concurrent. The State argues that it "sufficiently complied with the requirements of App.R. 5(C)."

{¶ 6} As to the requirement of concurrency, the State asserts that it could not file the notice of appeal and the motion for leave at the same time in the literal sense, because a notice of appeal is filed with the trial court clerk, and a motion for leave is filed with this court's clerk, and these clerks' offices are in different buildings. The State asserts that "some reasonable period of time must be allowed for." We disagree that a "reasonable period of time" is the appropriate standard.

{¶ 7} This court considers the concurrency requirement of App.R. 5(C) satisfied when the notice of appeal and motion for leave are filed on the same day. *See, e.g., State v. Powell*, 2d Dist. Montgomery No. 28108 (Oct. 10, 2018) (accepting State's discretionary appeal where notice of appeal and motion for leave were filed on the same day, at 1:53 p.m. and 3:50 p.m., respectively); *see also State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 17-18 (discussing "concurrent" sentences as starting/ending "on the same day"). We are unaware of any cases that require the two documents to be filed at the same instant, or, conversely, that allow them to be filed within a reasonable time of each

other. We decline to adopt what would be an unworkable "reasonable time" rule for the filing of these jurisdictional documents.

{¶ 8} We also decline to adopt a "sufficient compliance" standard for App.R. 5(C). As noted above, "[t]he state is <u>strictly</u> held to the requirements of App.R. 5 when appealing by leave of court." (Emphasis added.) *T.L.M.* at ¶ 12. Strict compliance is required because of the nature of appeals by the State. The Supreme Court of Ohio "has long observed that '[u]nless permitted by statute, the weight of authority in this country is against the right of the government to bring error in a criminal case.' " *State v. Arnett*, 22 Ohio St.3d 186, 188, 489 N.E.2d 284 (1986) (Celebrezze, C.J., dissenting), quoting *State v. Simmons*, 49 Ohio St. 305, 307, 31 N.E. 34 (1892). R.C. 2945.67, enacted to permit such appeals under certain circumstances, is an exception to that rule. *Id.* Such exceptions must be strictly construed. *State v. Powers*, 10th Dist. Franklin No. 15AP-422, 2015-Ohio-5124, ¶ 9, citing *State v. Bassham,* 94 Ohio St.3d 269, 271, 762 N.E.2d 963 (2002) and *State v. Caltrider,* 43 Ohio St.2d 157, 331 N.E.2d 710 (1975), paragraph one of the syllabus.

{¶ 9} We therefore strictly construe the requirements of App.R. 5(C) and will require the State to satisfy each requirement when seeking leave to appeal. Here, the State did not file the notice of appeal and motion for leave concurrently, and has not satisfied that requirement. As a result, our jurisdiction has not been properly invoked. *State v. Jones*, 2017-Ohio-5758, 94 N.E.3d 971, ¶ 6 (2d Dist.), citing *T.L.M.* at ¶ 12, 14 ("Strict compliance with App.R. 5(C) is a jurisdictional prerequisite for a State's appeal by leave of court").

{¶ 10} We OVERRULE and DISMISS the State's motion for leave to appeal. *T.L.M.* at ¶ 14 ("the court of appeals never obtained jurisdiction to decide whether the state could appeal, because the state did not strictly adhere to the requirements of App.R. 5"). This

matter, Montgomery Appellate Case No. 28580, is DISMISSED.  *See Mitchell* at ¶ 9 ("Absent full compliance the appeal must be dismissed").

{¶ 11} Pursuant to Ohio App.R. 30(A), it is hereby ordered that the Clerk of the Montgomery County Court of Appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the mailing.  Costs taxed pursuant to App.R. 24.

SO ORDERED.

_____
MARY E. DONOVAN, Judge


_____
MICHAEL T. HALL, Judge


_____
JEFFREY M. WELBAUM, Judge


Copies to:

Andrew French
301 W. Third Street, 5th Floor
Dayton, Ohio  45422
Attorney for Appellant, State of Ohio

Bradley Baldwin
854 E. Franklin Street
Dayton, Ohio  45459
Attorney for Appellee, G.W.

Kimberly Melchor
214 W. Monument Avenue
Dayton, Ohio  45402
Guardian ad litem

Hon. Anthony Capizzi
Montgomery County Juvenile Court
380 W. Second Street
Dayton, Ohio  45422

CA3/KY